Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
Emergency Cell: (707) 318-9929
ronc2009@gmail.com

**FILED**

AUG 15 2022

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

**LB**

| | |
|---|---|
| Ronald Cupp, | )CASE NO.: **CV22  4689** |
| Plaintiff, | )COMPLAINT FOR DAMAGES |
| vs. | )VIOLATION OF 15 USC 1692 *et seq.* FDCPA; |
| FLINT C. ZIDE | )VIOLATION OF 15 USC 1681 *et seq.* FCRA; |
| LAW OFFICES HARRIS AND ZIDE | )VIOLATION OF 15 USC 1666 *et seq.* FBCA; |
| ROBERT HARRIS | )VIOLATION OF CALIFORNIA |
| SARKIS S. KARAYAN | )ROSENTHAL FAIR DEBT COLLECTION |
| LVNV FUNDING, LLC. | )PRACTICES ACT CC 1788 *et seq.* |
| SYNCHRONY BANK | )INTENTIONAL INFLICTION OF |
| LAW OFFICES PANTENAUDE & FELIX A.P.C. | )EMOTIONAL DISTRESS. |
| MICHAEL R. BOULANGER | ) |
| RESURGENT CAPITAL SERVICES, LP | )DEMAND FOR TRIAL BY JURY |
| EXPERIAN | ) |
| TRANSUNION | ) |
| EQUAFAX | ) |
| DOES 1-10 | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Ronald Cupp, individually hereby sues above named Defendants for violations

of the FDCPA 15 USC §1692, violations of 15 USC §1681, violations of 15 USC §1666, and the

California Rosenthal Fair Debt Collection Practices Act Civil Code 1788. Plaintiff contends that the Defendants have violated Plaintiffs consumer protections and such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, 15 U.S.C. §1666, California Stat. § 1788, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367, Jurisdiction arises under Cal. Civ. Pro. §410.10. Defendant conducts business in the state of California and therefore, personal jurisdiction is established.

2.      Venue is proper pursuant to 28 U.S.C. §1391b and Cal. Civ. Pro. §395(a). Venue in this District is proper in that the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

3.      Plaintiff, Ronald Cupp, ("CUPP") is a natural person and is a resident of Sonoma County, California.

4.      Upon information and belief Defendant, LAW OFFICES OF HARRIS AND ZIDE is a corporation, authorized to do business in California, with Corporate Headquarters at 1445 Huntington Drive, Suite 300, South Pasadena, CA 91030.

5.      ROBERT HYDE, FLINT C. ZIDE, SARKIS S. KARAYAN are individuals working for the LAW OFFICES OF HARRIS AND ZIDE and are being sued in their individual capacity.

6.      Upon information and belief Defendant LVNV FUNDING, LLC, is a corporation, located 1703 Laurel St, Columbia, SC 29223, LVNV is a Delaware limited liability company that was organized pursuant to Delaware law on April 13, 2005.  LVNV has a registered agent for service of process, and may be served at CORPORATION SERVICE

COMPANY, 251 Little Falls Drive, Wilmington, DE 19808, and is being sued in its corporate capacity.

7.      Upon information and belief Defendant SYNCHRONY BANK (a subsidiary of Synchrony Financial), Agent for process is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801, sued in its corporate capacity.

8.      Upon information and belief Defendant LAW OFFICES PANTENAUDE & FELIX, A.P.C. is a corporation, authorized to do business in California, with Corporate Headquarters at 4545 Murphy Canyon Road, 3RD Fl, San Diego, CA 92123, sued in its corporate capacity.

9.      Michael R. Boulanger c/o Law Offices of Patenaude & Felix, A.P.C. 4545 Murphy Canyon Road, 3RD Fl, San Diego, CA 92123, CA 92123, being sued in his individual capacity.

10.     Resurgent Capital Services, LP,  PO BOX 10497, Greenville, SC 29603, RESURGENT is a Delaware Limited Partnership that was organized pursuant to Delaware law on June 24, 1999. RESURGENT appears in a business entity search within the California Secretary of State, and has a registered agent in California.  RESURGENT may be served at Corporations Services Company – CSC, Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, being sued in its corporate capacity.

11.     Experian Information Solutions, Inc. c/o CT Corporation System, 330 N. Brand Blvd, STE 700, Glendale, CA 91203, being sued in its corporate capacity.

12.     TransUnion, 2 Baldwin Place, P.O. Box 2000, Chester, PA 19022, being sued in its corporate capacity.

13.     Equifax Information Services, LLC, 211 Perimeter Center Pkwy #300, Atlanta, GA 30346, being sued in its corporate capacity.

14.     Does 1-10, are persons unknown at this time, are being sued in their individual and corporate capacity.

15.     Defendants are debt collectors, subject to the Fair Debt Collection Practices Act, 15 U.S.C. §1692a(6) ("FDCPA"). Defendant SYNCHRONY BANK is a debt collector to Plaintiff as Plaintiff has no previous business relationship with SYNCHRONY BANK.

16.     Defendants are entities which collects debts, bringing it within the ambit of the California Rosenthal Fair Debt Collection Practices Act Civil Code 1788 ("CFDCPA").

## FACTUAL ALLEGATIONS

17.     Plaintiff is a consumer per 15 U.S.C. §1692a(3) & 15 U.S.C. §1681a(c).

18.     Defendants are debt collectors per 15 U.S.C. §1692a(6).

19.     Experian, TransUnion, and Equifax are consumer reporting agencies (CRA) defined by 15 U.S.C. §1681a(f).

20.     On or about 5-4-16 SYNCHRONY BANK/CARE CREDIT (furnishers) filed into Plaintiffs credit reporting agency's (reporters) this debt, or account 6019 1834 1657 7948, without notifying Plaintiff they did so, thereby violating 15 USC §1692c, and reporting in a credit report is an attempt to collect a debt which imparts duty and obligations on the creditor or debt collector.

21.     Plaintiff has no prior or present established relationship with the Defendant SYNCHRONY BANK.

22.     Plaintiff has no contractual obligation to pay Defendant SYNCHRONY BANK.

23.     "Furnishes" are sources that provide credit information to credit reporting agencies.  Gorman v. Wolpoff & Abramson, LLP, 584 F.3 1147, 1153 (9th Cir 2009). Under FCRA, "furnishers" have the duty to investigate and/or correct inaccurate information, and an

individual may bring a private cause of action to sue a furnisher for its failure to fulfill those duties. 15 U.S.C 1681s-2(b) <u>Nelson v. Chase Manhattan Mort. Corp.,</u> 282 F.3D 1057, 1060 (9th Cir. 2002).

24.     On or about 6-16-16 Plaintiff received a statement from SYNCHRONY BANK/CARE CREDIT for account number 6019 1934 1657 7948 (same account number used throughout this complaint).

25.     On 6-24-16 Plaintiff received a phone call from SYNCHRONY BANK from number (877) 317-5659 at 1:31 p.m. regarding this account, Plaintiff orally notified them that he disputes the debt, to validate and/or verify and not to call Plaintiff again.

26.     On 6-27-16 Plaintiff timely disputed the debt again, via certified mail 7014 1820 0000 0454 5632, stating I am receiving phone calls and statements, Plaintiff requested account level documents as required by 15 USC §1666.

27.     On 7-5-16 Plaintiff received a response in writing from SYNCHRONY BANK/CARE CREDIT   stating they were unable to provide account level documentation or signed application. **This meant they were unable to comply with 15 USC §1666, 15 USC §1692g and §1692g(B), forfeiting any right to collect**.

28.     Being unable to provide signed application or account level documentation bars creditor or debt collector under 15 USC §1666a and 15 USC §1666e from continuing to collect this debt and

**(e)EFFECT OF NONCOMPLIANCE WITH REQUIREMENTS BY CREDITOR**

Any <u>creditor</u> who fails to comply with the requirements of this section or <u>section §1666a</u> of this title ***forfeits any right to collect from the obligor*** the amount indicated by the obligor . . . . .
***This puts an additional duty and obligation to cease any further collection activities in addition to §1692 et seq.***

29.     On 1-23, 2017 Plaintiff disputed the debt triggering a reinvestigation under 15 USC §1681i; with the Defendants EQUIFAX, TRANSUNION, EXPERIAN, the 3 credit reporting agencies, and copying SYNCB/CARE CREDIT, via certified mail.

30.     On 2-1-17 EQUIFAX (confirmation # 7030044497), 2-3-17 EXPERIAN (report number 2309-3146-34), 2-4-17 TRANSUNION (file number 34986927), Defendants submitted their findings of their reinvestigation per 15 USC §1681i.

31.     On 2-9-17 SYNCHRONY BANK responded with a letter stating their reporting to the credit bureaus was accurate, violating 15 USC §1692e, §1692e(5), §1692e(8), §1692e(10), §1692e(11), §1692f.

32.     On 2-21-17 Plaintiff received a collection letter from Law Offices of Patenaude & Felix, A.P.C. stating they were assigned to collect this debt.

33.     On 3-2-17 Plaintiff disputed the debt with Michael R. Boulanger, ESQ and Law Offices of Patenaude & Felix, A.P.C. via certified mail.

34.     On 3-6-17 Law Offices of Patenaude & Felix, A.P.C. responded stating they validated the account with copies of credit card statements and no signature, violating 15 USC §1692g, 15 USC §1692e(8), 15 USC §1692e(10), 15 USC §1666 *et seq*.

35.     On 3-1-19 Plaintiff received a letter from SYNCHRONY stating they had sold the account to Resurgent Capital Services, LP.

36.     On 10-2-19 Plaintiff received a letter from HARRIS AND ZIDE, stating they represent LVNV Funding, LLC for collection.

37.     On 10-5-19 Plaintiff disputed the debt to Mr. Zide, Mr. Sarkis, HARRIS AND ZIDE and LVNV Funding LLC. Via certified mail.

38.     On 10-10-19 Plaintiff received a response to Plaintiff's dispute by Zide and Karayan and HARRIS AND ZIDE and a one-page copy of a statement, claiming it was a validation.

39.     On 4-29-20 Plaintiff received a letter from Mr. Zide, Mr. Sarkis, HARRIS AND ZIDE representing LVNV Funding LLC as a creditor and stating they were going to prepare a lawsuit against Plaintiff to collect this debt.

40.     On 5-22-20 Mr. Zide, Mr. Sarkis, HARRIS AND ZIDE representing LVNV Funding LLC filed an action in Sonoma Superior Court, case MCV252764, against Plaintiff.

41.     Throughout the next couple of years, Plaintiff had to defend himself against Mr. Zide, Mr. Sarkis, HARRIS AND ZIDE representing LVNV Funding LLC via discovery and court appearances, all stressful and harmful to Plaintiff and his emotional state.

42.     On 5-10-2022 Plaintiff filed a trial brief stating the Defendants were not the real party in interest, that there was no debt, that Defendants had not complied with all Consumer Protection(s).

43.     On 5-11-2022 Plaintiff appeared for trial in Dept 16 of Sonoma Superior Court for case MCV252764, upon appearance, Attorney for Zide and LVNV Funding LLC dismissed the case.

44.     The Defendants, SYNCHRONY BANK and LVNV Funding LLC, have a duty and obligation to accurately furnish data and information to the Defendant reporting agencies EXPERIAN, EQUIFAX, AND TRANSUNION. Defendant attorneys ZIDE, KARAYAN, HARRIS AND ZIDE, BOULANGER, PATENAUDE & FELIX, to ensure their clients are properly furnishing accurate data and information and to comply with the Consumer Protection Laws.

45.     The Defendants, EXPERIAN, EQUIFAX, AND TRANSUNION have a duty and obligation to report accurately the data and information they share with their clients and the public.

46.     The Defendants, EXPERIAN, EQUIFAX, AND TRANSUNION have an information sharing agreement, between themselves, meaning that at any time any or all three Defendants can see or monitor the data or information they are reporting to the public.

47.     In this case, The Defendants, EXPERIAN, EQUIFAX AND TRANSUNION, by and through the furnishers, SYNCHRONY BANK and LVNV Funding LLC, have continually reported incorrect and inconsistent data to include, but not limited to: date account opened, amount owed, amount past due, account status, payment status, amount past due, monthly payment, and seven year payment history.

48.     Not once did defendants EXPERIAN, EQUIFAX AND TRANSUNION show in their reports that the debt was disputed.

49.     Plaintiff  has standing pursuant to Article III of the United States Constitution because he has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Defendants' actions described herein, and Plaintiff's injury in fact is likely to be redressed by a favorable judicial decision in this court.

50.     Plaintiffs' injury is in fact both particular and concrete because he has suffered an invasion of a legally protected interest that is concrete because, particularized and actual or imminent. By way of example, Plaintiff has spent a tremendous amount of time and energy to research Defendants, the FDCPA, the FCRA has incurred time and expenses to fix the errors on his consumer reports. Plaintiff has had to defend himself in State Court spending a tremendous amount of time and energy, costs, and emotional distress. Defendants acted with the willful and

malicious intent to injure and cause harm to Plaintiff. Plaintiff has suffered anxiety, headaches, loss of sleep, humiliation and other negative emotions directly caused by Defendants' actions in their willful and neglect violations of the FCRA.

51.     Upon information and belief, as cited in the Supreme Court Decision, "The irreducible constitutional minimum of standing consists of three elements: injury in fact, causation and redressability. (See Lujan v. Defendants of Wildlife, 504 U.S. 555, 560-1, 112 S. Ct 2130, 119 L.Ed.2d 351 (1992)).

52.     Plaintiff is within the statute of limitations pursuant to the FDCPA 1692k(a) and FCRA 1681p, as Plaintiff fist discovered the conduct by Defendants in 2016, and are Defendants actions and damages are continuing to this day, even as to May 2020 when Defendants filed suit in Sonoma County Superior Court to collect this false debt, Defendants dismissed the suit at trial on  May 11, 2022, and even 3 months after dismissing the complaint at trial, as of the time of filing this action, August 2022, Defendants continue to "incorrectly misreport and misrepresent" and damage Plaintiff and thus Plaintiff's claims are not time-barred.  Defendants' actions were willful and reckless disregard of the FCRA. Defendants had ample opportunity to rectify.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692e(2), (5), (8) and (10) BY ALL DEFENDANTS.

53.     Plaintiff alleges and incorporates the information in all previous paragraphs.

54.     Plaintiff is a consumer per 15 U.S.C. §1692a(3).

55.     Defendants are debt collectors per 15 U.S.C. §1692a(6).

56.     Defendants continued to attempt to collect an unknown debt, by submitting a demand from an unknown debt collector (seller) to unknown consumer, even after demand for validation per 15 U.S.C. §1692g.

57.     Defendants continued to report this debt on Plaintiffs credit report to all three CRA's, not showing the debt was disputed per 15 U.S.C. §1692g.

58.     Defendants violated 15 U.S.C. §1692e(2) The false representation of – (A) the character, amount, or legal status of any debt.

59.     Defendants violated 15 U.S.C. §1692e(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.

60.     Defendants violated 15 U.S.C. §1692e(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

61.     Defendants violated 15 U.S.C. §1692e(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

62.     Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:

A.  Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;

B.  General/Actual damages to be determined at trial;

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

D.  For such other and further relief as the court may deem just and proper.

## COUNT II
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692g(a) BY ALL DEFENDANTS.

63.     Plaintiff alleges and incorporates the information in all previous paragraphs.

64.     Plaintiff is a consumer per 15 U.S.C. §1692a(3).

65.     Reporting to the CRA's is an initial communication.

66.     Reporting to the CRA's is an attempt to collect a debt.

67.     Filing a notice of dispute per 15 USC §1692g(b) puts a duty and obligation for a creditor or debt collector to stop any further attempts to collect debt until such debt is validated.

68.     Reporting to the CRA's invokes duty and obligation under 15 U.S.C. §1692g(a), to contact the consumer within five days with a written notice giving the consumer a chance to dispute the debt under 15 U.S.C. §1692g(b).

69.     Not once did the reporting by CRA's inform the public the debt is disputed.

70.     Neither Defendant performed their known duty and obligation to contact Plaintiff.

71.     Defendants violated 15 U.S.C. §1692e(11) The failure to disclose in the initial written communication with the consumer that the debt collector is attempting to collect a debt and that any information obtained will be used for the purpose.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against both all defendants, jointly and severally; for the following:

A.  Statutory damages pursuant to 15 U.S.C. §1692k; $1,000 for each Defendant;

B.  General/Actual damages to be determined at trial;

C.  Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

D.  For such other and further relief as the court may deem just and proper.

## COUNT III
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. §1681s-2(b) BY DEFENDANTS' SYNCHRONY BANK, EXPERIAN, TRANSUNION, EQUIFAX.

72.     Plaintiff alleges and incorporates the information in all previous paragraphs.

73.     Plaintiff is a consumer per 15 U.S.C. §1681a(c).

74.     Defendants **EXPERIAN, TRANSUNION, EQUIFAX** are "Credit Reporting

Agencies" or CRA's per 15 U.S.C. §1681a(f).

75.     Section 623(b)(1)(A) of the FCRA makes it unlawful for a furnisher of information to a Consumer reporting agency, upon receiving a notice of a Consumer dispute from the Consumer reporting agency, not to conduct a reasonable investigation of the disputed information.  15 U.S.C 1681s-2(b)" (See <u>CFPB v Encore Capital Group, Inc., et al.</u>, CFPB File N. 2015-CFPB-022 at 124).

76.     The Consumer Data Industry Association ("CDIA") is a trade association that represents major institutions including CRAs, and provides Metro 2 regulatory compliance training workshops, and guidance for data furnishers such as LVNV and RESURGENT. The CDIA issues occasional memos for CRAs.

77.     Defendants knew (or should have known) that in 2015, the CDIA issued a memo, whereby the CRAs agreed **that collection agencies** were no longer allowed to report any debts that were "**not the result of a contract or agreement to pay.**"  (Emphasis added) LVNV and RESURGENT knows it is a collection agency.

78.     Defendant knew (or should have known) that it was furnishing an item that that was "not the result of a contract or agreement to pay" between Plaintiff and ANY entity regarding the alleged account. Defendants knew (or should have known)  that at all times relevant, they lacked standing to furnish the item.

79.     Defendants knew (or should have known), pursuant to the FCRA, Sec 623(b)(1)(E), [15 U.S.C 1681s-2(b)(1)(E)], with subsequent "NOTICE OF DISPUTE" sent to the CRAs, "if an item of information disputed by a consumer is found to be **inaccurate or incomplete or cannot be verified** after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency, only as appropriate, based on the result of the investigation promptly—

i.   Modify the item of information;

ii.   Delete that item of information; or

iii.   Permanently block the reporting of that item of information

80.   Defendants knew (or should have known) to "review all relevant information provided by the consumer reporting agency pursuant to section 611(a)(2) [1681i]."

81.   Defendant **SYNCHRONY BANK** is a "credit furnisher" within the meaning of the 15 U.S.C.§1681s-2. 15 USC§1681s-2(a) prohibits furnishers from reporting inaccurate or erroneous information about consumers. As such, it placed an affirmative duty on furnishers to correct and update information which they know, or reasonably should know, is inaccurate. The subsection requires furnishers to flag or otherwise provide notice to credit reporting agencies of any "dispute" by a consumer related to his or her credit information or history, FCRA, 15 USC§1681s-2(a)(1)-(3). Plaintiffs' consumer credit report is a consumer report within the meaning of 15 U.S.C. §1681a(d).

82.   The FCRA, 15 U.S.C. 1681s-2(b) has Obligations regarding credit furnishers to investigate consumers disputes. Subsection 1681s-2(b) specifies a second set of obligations on a furnisher. These obligations are triggered once a credit reporting agency CRA notifies the furnisher that it has received a "notice of dispute" from the consumer pursuant to 15 U.S.C. § 1681s-2(a)(2). After the disputes are received by a CRA from a consumer, it, in turn, is required under § 1681i of the FCRA to forward a consumer dispute verification (CDV) form to the furnisher, requiring it to verify the credit information and investigate its accuracy.

83.   After receiving notice of such a dispute from a CRA, a furnisher has 5 mandatory duties it must perform within 30 days:

a. to conduct "an investigation" with respect to the disputed information;

b. to "review all relevant information" provided by the credit reporting agency;

    c. to "report the results of its investigation" back to the credit reporting agency;

    d. if the investigation finds the existing information is incomplete or inaccurate, to report back those results to each of the consumer reporting agencies to whom the furnisher originally communicated information about the consumer; and

    e. to "modify, . . .delete. . .or. . .permanently block" the reporting of any item of information found to be inaccurate, incomplete, or which cannot be verified as accurate after a reinvestigation. 15 U.S.C. § 1681s-2(b)(1).

84.    In §1681s-2(b) duties arise only after a furnisher receives notice of dispute from a CRA. Notice of a dispute to a furnisher by a consumer directly does *not* trigger a furnisher's duty to reinvestigate under §1681s-2(b). The consumer must dispute to a CRA, which, in turn, forwards the dispute to the furnisher. This indirect "filtering" mechanism must be followed by a consumer to give rise to a duty of investigation *under the FCRA* to the furnisher. A furnisher need not honor a dispute received directly from the consumer, whether oral or written, under the FCRA. *Such a dispute, it should be noted, does create a legal obligation under §1692g of the FDCPA* which Plaintiff served upon defendants.

85.    Plaintiff notified Defendants SYNCHRONY BANK, EXPERIAN, TRANSUNION, EQUIFAX of its dispute by phone and writing, and defendants SYNCHRONY BANK, EXPERIAN, TRANSUNION, EQUIFAX also received notice from the three major credit reporting agencies between themselves and failed to correct or delete information found to be inaccurate and erroneous, and or failed to properly investigate Plaintiff's disputes.

86.    This imposed a heightened duty and obligation for the furnisher to reinvestigate. Plaintiff alleges that at all relevant times Defendant SYNCHRONY BANK failed to maintain, and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b). Plaintiff alleges that Defendant SYNCHRONY BANK failed to conduct a proper and lawful

reinvestigation.

87.     Plaintiff was denied credit from information contained in the CRA reports. All actions taken by the Defendants thru the CRA's were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law. Defendants and each of their acts constitutes multiple willful non-compliance with FCRA.

88.     Defendants violated the FCRA 15 U.S.C. §1681s-2(b) by continuing their representation within Plaintiff's credit file with all CRA's without also including a notation that this debt was disputed; by failing to fully and properly investigate the Plaintiff's dispute of the SYNCHRONY BANK representation by failing to review all relevant information regarding same; by failing to accurately respond to the CRA's; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the SYNCHRONY BANK representations to the CRA's.

89.     As a result of this conduct, action and inaction of defendants, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials and inaccurate CRA reporting's to general public.

90.     Defendants conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the court pursuant to 15 U.S.C. §1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

91.     Defendants knew (or should have known) that **any person** who fails to comply with **any requirement** imposed pursuant to the FCRA with respect to **any consumer** is liable to that consumer. (Emphasis added). Defendants, and each of them, at all times relevant herein, were the principles, agents employers, employees, and ratified, or approved of the acts or omissions alleged herein with respect to the willful and/or negligent violations of the FCRA, and were acting in the course and scope of the authority's such principals, agents, employers, and employees.

92.     Plaintiff's letter of January 23, 2017 demanding reinvestigation conferred a known duty and obligation on defendants. Defendant SYNCHRONY BANK continued to report inaccurate information to the CRA's, certifying to each CRA the information was accurate. Defendants EXPERIAN, TRANSUNION AND EQUIFAX continued to NOT properly reinvestigate and report erroneous and inaccurate data to the public regarding Plaintiff. This intentional violation continued from February 23, 2017 (30 days from reinvestigation letter of to present day,  or a total of approximately 6 years, but limited by statute to 24 months (reporting periods SYNCHRONY  BANK certifying inaccurate information). Each violation carries with it a $1,000 statutory damage per month, per reporting to each CRA. In this case the inaccurate reporting is for all three CRA's (EXPERIAN, TRANSUNION, EQUIFAX).

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against defendants; for the following:

A.  Statutory damages by SYNCHRONY BANK pursuant to 15 U.S.C. §1681n; $1,000 for each month of inaccurate reporting (24 months) to each CRA (EXPERIAN, TRANSUNION, EQUIFAX,3 total) for a total of : $72,000.

B.  Statutory damages by EXPERIAN, TRANSUNION, EQUIFAX pursuant to 15 U.S.C. §1681n; $1,000 for each month of inaccurate reporting (24 months) for each CRA, for a total of : $24,000, each defendant.

C.  Punitive damages to be determined at trial;

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. §1681n;

E.  For such other and further relief as the court may deem just and proper.

**COUNT IV**
**VIOLATION OF FAIR CREDIT BILLING ACT (FCBA),**
**15 U.S.C. §1666 BY ALL DEFENDANTS.**

93.     Plaintiff alleges and incorporates the information in all previous paragraphs.

94.     Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

95.     Defendants are seeking to collect a consumer debt from Plaintiff.

96.     Plaintiff's action is based on defendant's alleged violation of the billing dispute procedures contained in the Fair Credit Billing Act ("FCBA"), 15 U.S.C. § 1666, which is part of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601.

97.     The FCBA was enacted to help consumers make informed decisions about the use of credit and to protect consumers against unfair and inaccurate credit billing practices. GAC Finance Corp. of Spokane v. Burgess, 16 Wash.App. 758, 760 (1977). In order to effect this purpose, _courts have held that the FCBA is to be liberally construed and the requirements strictly enforced._ Id.; see also Grant v. Imperial Motors, 539 F.2d 506, 510 (5th Cir. 1976) ("_Once the court finds a violation no matter how technical it has no discretion with respect to imposition of liability._"). To succeed on a claim under 15 U.S.C. § 1666, plaintiff must show (1) the existence of a billing error, (2) timely notification of the billing error, and (3) failure of the bank issuing the card to comply with the procedural requirements of Section 1666. Beaumont v.

Citibank (South Dakota) N.A. and Chase Bank, 2002 WL 483431, *3, 2002 U.S. Dist. LEXIS

5276, *8 (S.D.N.Y. March 28, 2002).

98.     To succeed on a TILA claim, plaintiff's written notice of billing error must not

only be valid, it must also be timely. Beaumont v. Citibank (South Dakota) N.A. and Chase

Bank, 2002 U.S. Dist. LEXIS 5276 *8. To trigger a creditor's obligation to investigate a disputed

billing statement, a ***consumer must send written notice within 60 days of the creditor's***

***transmission*** of the statement containing the alleged error. 15 U.S.C. § 1666(a). Regulation Z

specifies that the 60-day period begins to run "after the creditor [has] transmitted

the first periodic statement that reflects the alleged billing error." 12 C.F.R. § 226.13(b)(1)

99.     On or about 5-4-16 SYNCHRONY BANK/CARE CREDIT  filed into Plaintiffs

credit reporters this debt, or account 6019 1834 1657 7948, without notifying Plaintiff they did

so, thereby violating 15 USC §1692c, and reporting in a credit report is an attempt to collect a

debt which imparts duty and obligations on the creditor or debt collector.

100.    Plaintiff has no prior or present established relationship with the Defendant

SYNCHRONY BANK.

101.    Plaintiff has no contractual obligation to pay Defendant SYNCHRONY BANK.

102.    On or about 6-16-16 Plaintiff received a statement from SYNCHRONY

BANK/CARE CREDIT for account number 6019 1934 1657 7948 (same account number used

throughout this complaint).

103.    On 6-24-16 Plaintiff received a phone call from SYNCHRONY BANK from

number (877) 317-5659 at 1:31 p.m. regarding this account, Plaintiff orally notified them that he

disputes the debt, to validate and/or verify and not to call Plaintiff again.

104.    On 6-27-16 PLAINTIFF timely disputed the debt again, via certified mail 7014 1820 0000 0454 5632, stating I am receiving phone calls and statements, Plaintiff requested account level documents as required by 15 USC §1666.

105.    On 7-5-16 Plaintiff received a response in writing from SYNCHRONY BANK/CARE CREDIT stating they were unable to provide account level documentation or signed application. ***This meant they were unable to comply with 15 USC §1666, 15 USC §1692g and §1692g(B), forfeiting any right to collect***.

106.    Being unable to provide signed application or account level documentation bars creditor or debt collector under 15 USC §1666a and 15 USC §1666e from continuing to collect this debt and

**(e)**EFFECT OF NONCOMPLIANCE WITH REQUIREMENTS BY CREDITOR

Any <u>creditor</u> who fails to comply with the requirements of this section or <u>section §1666a</u> of this title ***forfeits any right to collect from the obligor*** the amount indicated by the obligor . . . . .
***This puts an additional duty and obligation to cease any further collection activities in addition to §1692 et seq.***

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:

A. Statutory damages pursuant to 15 U.S.C. §1666; $5,000 for each Defendant;

B. Punitive damages to be determined at trial.

C. Costs and reasonable attorney fees pursuant to 15 U.S.C. §1692k;

D. For such other and further relief as the court may deem just and proper.

**COUNT V**
**VIOLATION OF CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT (CAFDCPA), CC §1788 BY ALL DEFENDANTS.**

107.    Plaintiff alleges and incorporates the information in all previous paragraphs.

108.    Plaintiff is a consumer within the meaning of 15 U.S.C. 1692a(3).

109.    Defendants is seeking to collect a consumer debt from Plaintiff as defined by Cal. Civ. §1788(f).

110.    The account in question is a consumer credit transaction as defined by Cal. Civ. §1788.2(e) as Plaintiff has allegedly received property, services or money from the Defendant on an extension of credit and such property, services or money was used primarily for personal, family or household purposes.

111.    Defendants violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff.

112.    Defendants violated the §1788.17 of the CFDCPA by continuously failing to comply with the statutory regulations contained with the FDCPA 15 USC §1692 *et seq.* as outlined above.

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally; for the following:

A.  Statutory damages pursuant to §1788.30(b); $1,000 for each Defendant;

B.  Costs and reasonable attorney fees pursuant to §1788.30(c);

C.  For such other and further relief as the court may deem just and proper.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### BY ALL DEFENDANTS.

113.    Plaintiff alleges and incorporates the information in all previous paragraphs.

114.    It appears the ultimate facts constituting the outrageous conduct underlying the cause of action outlined below:

a.  Defendants promising to stop further collection efforts when Plaintiff called/wrote.

b. Defendants promising to stop further harassment when Plaintiff called/wrote.
c. Defendants not validating or verifying the debt as required to when Plaintiff wrote to Defendants.
d. Defendants sending out to collection company and collection attorneys in a further attempt to collect this unverified/unvalidated debt that it promised to stop collecting.
e. Defendants reporting different amounts and by different purported creditors on Plaintiffs credit reports.
f. Defendants not reporting on Credit Reports the debt is disputed.
g. Defendants continuing to attempt to collect a debt that they knew or should have known was unverified, unvalidated, disputed, and even the purported original creditor stated they had no contract or account level documentation of.
h. Defendants continuing to attempt to collect a debt by passing on this debt to others or another to 'see if they could have any success fishing to see who would pay'.
i. Defendants continuing to attempt to collect a debt by taking Plaintiff to State Court on this matter, with about two years of stress and strain and embarrassment on Plaintiff, going all they way to Court, and then dismissing the case on the day of trial.
j. Defendants in State Court were outside of subject matter jurisdiction as the complaint time frame was outside of 4 years.

115. Defendant's actions were outrageous, intentional, and malicious, and done with reckless disregard of the fact that the actions would certainly cause Plaintiffs to suffer severe emotional and physical distress.

116. As a proximate result of the acts of Defendant's, Plaintiff's suffered manifestations of severe emotional distress, specifically in the form of humiliation, mental anguish, anxiety, emotional distress, psychosis, loss of sleep, loss of appetite, and fear. The acts of Defendants have injured Plaintiff's in mind and body. Some of the manifestations of Defendants conduct on Plaintiff, upon receiving continuing calls to his private cell phone, and continuing receiving collection notices, noticed changes to his well-being. This was discovered by Plaintiff and by others who reported to Plaintiff the following observations. Nervousness, becoming sick right after the calls or receiving letters, stress, unable to focus or keep a train of thought for a period of time, loss of sleep, loss of appetite, lack of patience with others and anger right after receiving Defendant's collection calls.

117.    Defendant's conduct was done knowingly, willfully, and with malicious intent, and Plaintiff is entitled to punitive damages in an amount to be determined by proof at trial.

118.    Upon information and belief, the Ninth Circuit has opined that "Objective evidence is **NOT** a requirement of emotional distress damages." See Zhang v Am Gen Seafoods, Inc., 339 F.3D 1020, 1040 (9th Cir 2003); See also Johnson v Hale F.3D 1351, 1352-53 (9th Cir 1994). (Emphasis supplied). See also Boris v. Choice point Servs., Inc., 249 F. Supp 29 851 (W.D. My 2003) ($100,000 in actual damages based on part on damage to Plaintiff's reputation). **The term "actual damages" has been interpreted to include recovery for emotions distress and humiliation.** (See Johnson v Department of Treasury, I.R.S., 700 F. 2d 71 (5th Cir. 1983) (Emphasis supplied).

WHEREFORE, Plaintiff CUPP respectfully requests that judgment be entered against all defendants, jointly and severally, for the following:

E.  Intentional infliction of emotional distress in the amount to be determined at trial.

F.  Costs and reasonable attorney fees.

G.  For such other and further relief as the court may deem just and proper.


**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: August 11, 2022                     Respectfully submitted

RONALD CUPP
150  Raley Town Center Ste 2512
Rohnert Park, California [94928]
707-318-9929 emergency cell
ronc2009@gmail.com