**LAW OFFICES OF**
**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Stephanie J. Boone, Esq. (#160182)
Laura D'Anna, Esq. (#266113)
9619 Chesapeake Drive, Suite 300
San Diego, California 92123
Tele: (858) 244-7600 Fax: (858) 836-0318

Attorneys for Defendants
Patenaude & Felix A.P.C. and Michael R. Boulanger

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RONALD CUPP,<br><br>       Plaintiff,<br><br>vs.<br><br>FLINT C. ZIDE<br>LAW OFFICES OF HARRIS AND ZIDE<br>SARKIS S. KARAYAN<br>LVNV FUNDING, LLC.<br>SYNCHRONY BANK<br>LAW OFFICES OF PATENAUDE & FELIX A.P.C.<br>MICHAEL R. BOULANGER<br>RESURGENT CAPITAL SERVICES, LP<br>EXPERIAN<br>TRANSUNION<br>EQUAFAX<br>DOES 1-10,<br>       Defendants. | Case No.: 4:22-cv-04689-YGR<br><br>NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)6<br><br>DATE: November 22, 2022<br>TIME: 2:00pm<br>COURTROOM: 1<br>JUDGE:<br>Hon. Judge Yvonne Gonzalez Rogers |

NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION  TO DISMISS PURSUANT TO FRCP 12(B)6 DATE: NOVEMBER 22, 2022TIME: 2:00PMCOURTROOM: 1JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 1

## I. NOTICE OF MOTION

PLEASE TAKE NOTICE that on Tuesday, November 22, 2022, at 2:00pm, in Department 1, before the Honorable Judge Yvonne Gonzalez Rogers, Defendants will, and hereby do, move for an order granting this Motion to Dismiss Plaintiff's Complaint as to all claims against defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger. This motion is based on this Notice and Motion, the Memorandum of Points and Authorities below, the Declaration of Raymond A. Patenaude, and the Proposed Order.

WHEREFORE, defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger respectfully move this Honorable Court to grant its Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss all claims in Counts I, II, IV, V, and VI with prejudice, and for all further and additional relief that this Court deems equitable and just.

## II. ISSUES TO BE DECIDED

1. Whether Plaintiff has failed to state a claim on which relief can be granted as to Defendants Patenaude & Felix, A.P.C., and Michael R. Boulanger.
   a. Whether Plaintiff's claims in Count I, Count II, Count IV, Count V and Count VI are time barred as to Defendants Patenaude & Felix, A.P.C, and Michael R. Boulanger.

## III. MEMORANDUM

### A. Statement of Facts

On February 17, 2017, Synchrony Bank ("Synchrony") hired Patenaude & Felix, A.P.C. ("Patenaude") for purposes of collecting the balance owed (the "debt") on credit account ending

in #7948 (the "account"). Patenaude put a cease and desist restriction on the account so that nobody in the office was able to contact Plaintiff about the debt.

On February 21, 2017, Patenaude sent Plaintiff an initial demand letter ("the letter") for the debt owed to Synchrony. Attorney Michael R. Boulanger ("Boulanger") signed the letter. The letter stated the balance of the debt and gave Plaintiff thirty days to dispute the debt. On March 2, 2017, Patenaude received a phone call from Plaintiff who asked to speak to an attorney – the call dropped and Patenaude was unable to call Plaintiff back. On March 6, 2017, Patenaude received Plaintiff's written dispute and request for validation of the debt. On March 6, 2017, Boulanger sent the Plaintiff a validation of debt package ("validation of debt"). On November 11, 2017, Synchrony recalled the account from Patenaude. On November 11, 2017, Patenaude closed the account.

Five years later, on August 15, 2022, Plaintiff filed this complaint. Plaintiff alleges that: on February 21, 2017, he received a collection letter from Patenaude regarding the debt; on March 2, 2017, he disputed the debt; and on March 6, 2017 Patenaude and Boulanger responded to his dispute. Plaintiff alleges that Defendants wrongfully attempted collection efforts on a disputed account, that he experienced emotional distress from Defendants collection efforts, and that he is within the statute of limitations because the Defendants have continued collection efforts by passing on the debt to others for collection. Count I and Count II of the complaint assert violations of the Fair Debt Collection Practices Act ("FDCPA") against all Defendants. Count IV of the complaint asserts violations of the Fair Collection Billing Act ("FCBA") against all Defendants. Count V of the complaint asserts violation of the California Rosenthal Fair Debt Collection Practices Act ("CAFDCPA") against all Defendants. Count VI asserts the intentional infliction of

emotional distress ("IIED") against all Defendants. Plaintiff did not assert any other counts against Defendants Patenaude and Boulanger.

### B. Argument

1. **PLAINTIFF HAS FAILED TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED AS TO DEFENDANTS PATENUADE AND BOULANGER**

When considering the propriety of a Rule 12(b)(6) motion to dismiss, the Court must accept as true all factual allegations in the pleadings, and any ambiguities must be resolved in Plaintiffs' favor. *Jackson v. Richards Med. Co., 961 F.2d 575, 577-78* (6th Cir. 1992). While this standard is decidedly liberal, it requires more than the bare assertion of legal conclusions. *Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 319 (6th Cir. 1999). Motions brought pursuant to Rule 12(b)(6) may be granted where plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle relief. *Meador v. Cabinet for Human Resources*, 902 F.2d 474, 475 (6th Cir. 1990), cert. denied, 498 U.S. 867 (1990).

   a. **Plaintiff's Claims In Counts I, II, and V Are Time Barred As To Defendants Patenaude and Boulanger**

A plaintiff must bring an FDCPA action within one year from the date on which the violation occurs. (15 U.S.C.S. § 1692k (d).) The statute of limitations begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered. (Rotkiske v. Klemm (2019) ___U.S.___ [140 S.Ct. 355, 358, 205 L.Ed.2d 291, 295].) Claims under the California Rosenthal FDCPA are subject to a one-year statute of limitations. (Cal. Civ. Code § 1788.30).

Patenaude and Boulanger did not attempt any collection efforts aside from the letter and validation of debt. In addition, Patenaude did not attempt any phone contact with Plaintiff.

Therefore, even if Patenaude and Boulanger violated the FDCPA or the CAFDCPA, these claims are time barred because the last action taken by Patenaude and Boulanger was on March 6, 2017. Yet, Plaintiff filed this lawsuit on August 15, 2022.

Plaintiff's argument that he is within the statute of limitations must fail because "a continuing violation theory is not available under the FDCPA." (Wilhelm v. Credico Inc. (D.N.D. 2006) 455 F.Supp.2d 1006, 1009.) In *Sierra v. Foster*, Plaintiff endeavored to avoid the time bar by contending that his claim was part of a "continuing violation" under 15 U.S.C. § 1692k(d), and that his December 8, 1998 filing was timely because [defendant] served a summons and complaint upon him on January 21, 1998. The court held that if plaintiff's theory were correct, however, his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations. (Sierra v. Foster & Garbus (S.D.N.Y. 1999) 48 F.Supp.2d 393, 395.)

Here, the same principle applies. Plaintiff cannot keep his claims against Patenaude and Boulanger alive by holding them accountable for every collection effort taken by the other defendants after November 11, 2017. Otherwise, every collection effort regarding the debt would start a fresh statute of limitations. Even when Plaintiff has no control regarding the debt.

Therefore, the continuing violation theory fails. Plaintiff was required to file these claims no later than November 11, 2018. The Court must dismiss Count I, Count II, and Count V against Patenaude and Boulanger because these claims are time barred.

   **b. Plaintiff's Claim In Count IV Is Time Barred As To Defendants Patenaude And Boulanger**

The FCBA is governed by the one year statute of limitations set forth in 15 U.S.C. § 1640(e). (*Raney v. First Nat'l Bank of Neb.* (E.D.Ky. Sep. 8, 2006, No. 06-8-DLB) A plaintiff must file an action within one year from the date of the occurrence of the violation. (15 U.S.C. § 1640(e).)

Here, Plaintiff alleges that Synchrony incorrectly and wrongfully reported the debt to credit reporters on May 4, 2016. Yet, Plaintiff filed the action more than five years later. Additionally, Plaintiff does not allege any facts indicating that Patenaude and Boulanger reported the account to credit reporters. It is clear that Patenaude and Boulanger were not involved in any action regarding the account before February 21, 2017. Therefore, the court must dismiss Count IV against Patenaude and Boulanger because this claim is time barred.

### c. Plaintiff's Claim In Count VI Is Time Barred As To Defendants Patenaude And Boulanger

The statute of limitations for intentional infliction of emotional distress is two years. (Cal. Code Civ. Proc. § 335.1.) The right to bring an action arises immediately upon the time of the alleged wrongful act and the statute of limitations runs from that time. (Howe v. Pioneer Mfg. Co. (Cal. App. 1st Dist. 1968), 262 Cal. App. 2d 330, 68 Cal. Rptr. 617, 1968 Cal. App. LEXIS 2317.) An exception to the rule is when a pathological effect occurs without perceptible trauma and the victim is blamelessly ignorant of the cause of injury. In such a case, the statute of limitations does not begin to run until the person knows or, by the exercise of reasonable diligence, should have discovered the cause of injury. (G. D. Searle & Co. v. Superior Court (Cal. App. 3d Dist. 1975), 49 Cal. App. 3d 22, 122 Cal. Rptr. 218, 1975 Cal. App. LEXIS 1182.) In *Allred v. Bekins Wide World Van Services*, the limitation period tolled until plaintiff sustained damage and discovered, or should have discovered, their cause of action against defendant. (*Allred v. Bekins Wide World Van Services* (Cal. App. 1st Dist. 1975), 45 Cal. App. 3d 984, 120 Cal. Rptr. 312, 1975 Cal. App. LEXIS 1746.)

Here, any alleged wrongful act that caused the alleged emotional distress must have occurred in the brief time that Patenaude held the account between February 17, 2017 and

NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION  TO DISMISS PURSUANT TO FRCP 12(B)6 DATE: NOVEMBER 22, 2022TIME: 2:00PMCOURTROOM: 1JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 6

November 11, 2017. The Court should not apply the exceptions to the statute of limitations because Plaintiff did experience perceptible trauma, he was not blamelessly ignorant of the cause of his alleged injuries, and there is a clear period for when Plaintiff allegedly sustained damage for when he should have discovered his claims against Patenaude and Boulanger.

Based on Plaintiffs recollection, he allegedly experienced symptoms of his distress right after receiving phone calls and letters from Defendants. Here it is evident that Plaintiff sustained his alleged damages on or around the time of the dates of the letter and the validation of debt. Therefore, Plaintiff should have discovered that he had a cause of action against Patenaude and Boulanger for intentional infliction of emotional distress no later than March 6, 2017. Moreover, neither Patenaude nor Boulanger made any outgoing calls to Plaintiff between February 17, 2017 and November 11, 2017. Therefore, all claimed injuries for this cause of action could have only resulted when Plaintiff received Defendants' written letters.

Therefore, any claim of intentional infliction of emotional distress is time barred because Plaintiff should have filed these claims by November 11, 2019. The Court must dismiss count VI against Patenaude and Boulanger because the claim is time barred.

Thus, Plaintiff has failed to state a claim for which this court can grant him relief because all of his claims against Patenaude and Boulanger are time barred.

WHEREFORE, Patenaude & Felix, A.P.C. and Michael R. Boulanger respectfully requests that this Court dismiss the claims in Count I, Count II, Count VI, Count V and Count VI with prejudice as to defendant's Patenaude & Felix, A.P.C., and Michael R. Boulanger, and for all other relief this Court deems just and appropriate.

//

|   |   |   |
|---|---|---|
| 1 |  | Respectfully Submitted, |
| 2 | Dated: September 21, 2022 | Patenaude & Felix, A.P.C. |
| 3 |  |  |
| 4 |  | */s/ Laura D'Anna*<br>Laura D' Anna, Esq. |
| 5 |  | Attorney for Defendants<br>Patenaude & Felix, A.P.C. and |
| 6 |  | Michael R. Boulanger |

NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)6 DATE: NOVEMBER 22, 2022 TIME: 2:00PM COURTROOM: 1 JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 8

**LAW OFFICES OF**
**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Stephanie J. Boone, Esq. (#160182)
Laura D'Anna, Esq. (#266113)
9619 Chesapeake Drive, Suite 300
San Diego, California 92123
Tele: (858) 244-7600  Fax: (858) 836-0318

Attorneys for Defendants
Patenaude & Felix A.P.C. and Michael R. Boulanger

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RONALD CUPP,<br><br>         Plaintiff,<br><br>vs.<br><br>FLINT C. ZIDE<br>LAW OFFICES OF HARRIS AND ZIDE<br>SARKIS S. KARAYAN<br>LVNV FUNDING, LLC.<br>SYNCHRONY BANK<br>LAW OFFICES OF PATENAUDE & FELIX A.P.C.<br>MICHAEL R. BOULANGER<br>RESURGENT CAPITAL SERVICES, LP<br>EXPERIAN<br>TRANSUNION<br>EQUAFAX<br>DOES 1-10,<br>         Defendants. | Case No.: 4:22-cv-04689-YGR<br><br>DECLARATION OF RAYMOND A. PATENAUDE IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)6<br><br>DATE: NOVEMBER 22, 2022<br>TIME: 2:00 P.M.<br>COURTROOM: 1<br>JUDGE:<br>Hon. Judge Yvonne Gonzalez Rogers |

DECLARATION OF RAYMOND A. PATENAUDE IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION  TO DISMISS PURSUANT TO FRCP 12(B)6DATE: NOVEMBER 22, 2022TIME: 2:00 P.M.COURTROOM: 1JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 1

1. I am Raymond A. Patenaude owner of Patenaude & Felix, A.P.C..

2. I have personal knowledge of all facts stated in this declaration, and if called to testify, I could and would testify competently thereto.

3. Michael R. Boulanger is an attorney and a former employee of Patenaude & Felix, A.P.C..

4. On February 17, 2017, Synchrony Bank assigned account ending in # 7948 to Patenaude & Felix, A.P.C. for collection of the debt owed by Plaintiff.

5. On February 17, 2017, our office placed a cease and desist restriction on the account. Nobody was permitted or authorized to make calls to the Plaintiff.

6. On February 21, 2017, our office sent an initial demand letter to Plaintiff demanding that he pay the balance due on the account to Synchrony Bank.

7. The February 21, 2017 demand letter included a balance of the amount due and a notice that Plaintiff had 30 days in which to dispute the debt.

8. On March 2, 2017, Plaintiff made a phone call to our office and he asked to speak to an attorney, but the call dropped. Our office was unable to call Plaintiff back.

9. On March 6, 2017, our office received a written letter from Plaintiff dated March 2, 2017. The letter include a written dispute of the debt and a request for validation and verification.

10. On March 6, 2017, Michael R. Boulanger responded to the dispute by sending Plaintiff a validation of debt package that included account statements and the original credit card account agreement.

11. On November 11, 2017, Synchrony Bank recalled the account from our office.

12. On November 11, 2017, Patenaude & Felix, A.P.C. closed the account file in their office.

DECLARATION OF RAYMOND A. PATENAUDE IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION  TO DISMISS PURSUANT TO FRCP 12(B)6DATE: NOVEMBER 22, 2022TIME: 2:00 P.M.COURTROOM: 1JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 2

13. Between the period of February 17, 2017 and November 11, 2017, Patenaude did not make any outgoing phone calls to Plaintiff because of the account's cease and desist restriction.

14. Since November 2017, Patenaude & Felix, A.P.C. has not had any contact with Plaintiff.

15. Since November 2017, Patenaude & Felix, A.P.C. has not made any collection efforts on the account.

16. Patenaude & Felix, A.P.C. is not a creditor and does not own the account.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: September 21, 2022        */s/ Raymond A. Patenaude*
                                Raymond A. Patenaude

DECLARATION OF RAYMOND A. PATENAUDE IN SUPPORT OF PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)6DATE: NOVEMBER 22, 2022TIME: 2:00 P.M.COURTROOM: 1JUDGE:HON. JUDGE YVONNE GONZALEZ ROGERS - 3

**LAW OFFICES OF**
**PATENAUDE & FELIX, A.P.C.**
Raymond A. Patenaude, Esq. (#128855)
Stephanie J. Boone, Esq. (#160182)
Laura D'Anna, Esq. (#266113)
9619 Chesapeake Drive, Suite 300
San Diego, California 92123
Tele: (858) 244-7600  Fax: (858) 836-0318

Attorneys for Defendants
Patenaude & Felix A.P.C. and Michael R. Boulanger

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| RONALD CUPP,<br><br>          Plaintiff,<br><br>vs.<br><br>FLINT C. ZIDE<br>LAW OFFICES OF HARRIS AND ZIDE<br>SARKIS S. KARAYAN<br>LVNV FUNDING, LLC.<br>SYNCHRONY BANK<br>LAW OFFICES OF PATENAUDE & FELIX A.P.C.<br>MICHAEL R. BOULANGER<br>RESURGENT CAPITAL SERVICES, LP<br>EXPERIAN<br>TRANSUNION<br>EQUAFAX<br>DOES 1-10,<br>          Defendants. | Case No.: 4:22-cv-04689-YGR<br><br>**[PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S PURSUANT TO FRCP §12(B)6** |

[PROPOSED] ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S PURSUANT TO FRCP §12(B)6 - 1

Considering the papers and arguments, and finding good cause, the Motion to Dismiss Plaintiff's Claims Pursuant to FRCP 12(b)(6) as to Patenaude & Felix, A.P.C and Michael R. Boulanger is granted.

IT IS SO ORDERED.

Date: _____                    _____
                                                                                  UNITED STATES DISCTRICT/MAGISTRATE JUDGE