```
Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
Emergency Cell: (707) 318-9929
ronc2009@gmail.com
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp, | CASE NO: 22-CV-4689 YGR |
| Plaintiff, | PLAINTIFF OPPOSITION TO DEFENDANTS PATENAUDE & FELIX, A.P.C. AND MICHAEL R. BOULANGER'S MOTION TO DISMISS PURSUANT TO FRCP 12(b)6 |
| vs. | |
| FLINT C. ZIDE<br>LAW OFFICES HARRIS AND ZIDE<br>ROBERT HARRIS<br>SARKIS S. KARAYAN<br>LVNV FUNDING, LLC.<br>SYNCHRONY BANK<br>LAW OFFICES PANTENAUDE & FELIX A.P.C.<br>MICHAEL R. BOULANGER<br>RESURGENT CAPITAL SERVICES, LP<br>EXPERIAN<br>TRANSUNION<br>EQUAFAX<br>DOES 1-10 | DATE: November 22, 2022<br>TIME: 2:00 pm<br>COURTROOM: 1<br>JUDGE:<br>Hon. Judge Yvonne Gonzalez Rogers |
| Defendants. | |

Please take notice that on above date and time, or as soon thereafter as the matter may be heard, in Courtroom 1 of the United States District Court, Plaintiff Ronald Cupp, will and hereby does move the Court under Fed.Civ.R 12(b)(6) for an order denying Defendants Motion to Dismiss, or in the alternative, leave of court to file a more definite statement and Amended Complaint.

Page 1

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Defendants' 12(b)6 arguments are:

II.  ISSUES TO BE DECIDED

Whether Plaintiff has failed to state a claim on which relief can be granted as to Defendants Patenaude & Felix, A.P.C., and Michael R. Boulanger.

a. Whether Plaintiff's claims in Count I, Count II, Count IV, Count V and Count VI are time barred as to Defendants Patenaude & Felix, A.P.C, and Michael R. Boulanger.

Plaintiff Cupp's response:

a.  The issues are that counts I, II, IV, V, VI are time barred. Cupp disagrees with this in that selling or 'passing' on a debt to another collector is 'an attempt to collect a debt' and is active as long as the collection continues, like in the CRA's accounts.

b.  Cupp accepts the Statement of Facts as listed in Defendants Motion 12(b)6, except for p3, L12 *'On November 11, 2017, Synchrony recalled the account from Patenaude. On November 11, 2017, Patenaude closed the account'*. This has never been shown to Cupp until this filing.

c.  In actuality, Defendant Patenaude & Felix, A.P.C. counsel in communication with Cupp; up until and including this filing date, through email, has represented that 'their Client, Synchrony, in asking Cupp to dismiss this claim against 'them' and their 'Client'.

d.  Cupp also takes exception to a declaration of Raymond A. Patenaude as owner of his firm with offices in many states stating he has 'personal' knowledge, but in his declaration, he states again in paragraph's 11, 12, and 13 the above Defendant Synchrony recalling the account and Patenaude & Felix, A.P.C. closing the account.

e.  If Defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger will submit the evidence in their reply of 'recalled the account', and 'closing the account' with a declaration, Plaintiff Cupp will dismiss them from the complaint.

    f.   If not, then Cupp requests continuation with hearing and above will be part of the discovery process.

Dated: October 22, 2022

                                          Respectfully submitted,

                                    By:  /s/Ronald Cupp_____
                                  Plaintiff In Pro Se