Ronald Cupp
150 Raley Town Center Ste 2512
Rohnert Park, California [94928]
Emergency Cell: (707) 318-9929
ronc2009@gmail.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ronald Cupp, | CASE NO: 22-CV-4689 YGR |
| Plaintiff, | |
| vs. | **AMENDED JOINT CASE MANAGEMENT STATEMENT** |
| FLINT C. ZIDE<br>LAW OFFICES HARRIS AND ZIDE<br>ROBERT HARRIS<br>SARKIS S. KARAYAN<br>LVNV FUNDING, LLC.<br>SYNCHRONY BANK<br>LAW OFFICES PANTENAUDE & FELIX A.P.C.<br>MICHAEL R. BOULANGER<br>RESURGENT CAPITAL SERVICES, LP<br>EXPERIAN<br>TRANSUNION<br>EQUAFAX<br>DOES 1-10 | **DATE:** **December 12, 2022**<br>**TIME:** **2:00 p.m.**<br>**CRTRM:** **VIA ZOOM WEBINAR**<br>HONORABLE Yvonne Gonzalez Rogers |
| Defendants. | |

The parties to the above-entitled action jointly submit this Joint Case Management Statement pursuant to the Standing Order for the Honorable Yvonne Gonzalez Rogers of the Northern District of California and Civil Local Rule 16-9.

1. **Jurisdiction and Service**

The parties agree that this Court has subject matter jurisdiction over the asserted claims based upon the alleged violation of federal statutes, namely, the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Fair Credit Reporting Act 15 U.S.C. § 1681 *et seq.* ("FCRA"), Fair Credit Billing Act 15 U.S.C. § 1666 *et seq.* ("FCBA"). Jurisdiction for pendant state law claims arises under 28 U.S.C. § 1367 for Rosenthal Fair Debt Collection CC § 1788 *et seq*. and Intentional Infliction of Emotion al Distress.

No issues exist regarding personal jurisdiction or venue.

No issues exist regarding service.

2. **Facts**

*Plaintiff's Statement*

Plaintiff alleges Defendants violated statutes of the FDCPA 15 USC §1692 (COUNT I & II), FCRA 15 USC §1681s-2(b) (COUNT III), FCBA 15 USC § 1666 (COUNT IV) and California Rosenthal FDCPA CC §1788 (COUNT V), IIED (COUNT VI).

Plaintiff alleges he is a consumer, Defendants are a debt collector, the debt attempted to collect is a personal consumer debt from a person not the Plaintiff. Defendants violated FDCPA by not following statute in the attempt to collect the debt, in the attempt to verify the debt, and the reporting of the debt to the Credit Reporting Agencies (CRA). Defendant was required to first stop the collection of the debt, and then report the debt as disputed in the CRA's. Defendant was required to first perform an investigation, and then a reinvestigation of the debt, as Plaintiff disputed this debt to the CRA; and to stop collection of the debt and the reporting of the debt until the verified debt was reinvestigated.

*Defendant's Statement:*

**Defendant Trans Union**:  Plaintiff's Complaint is vague and ambiguous as to the factual and legal basis for his claims against Trans Union.  As best as Trans Union can determine, Plaintiff's claims primarily involve allegations of violations of various debt collection statutes,

<u>which do not apply to Trans Union.</u>  Trans Union is a consumer reporting agency as that term is defined by the FCRA and states that at all times relevant, Trans Union maintained reasonable procedures to assure maximum possible accuracy of the relevant information concerning Plaintiff and Trans Union complied with the requirements of the FCRA with respect to Plaintiff. Trans Union furthermore properly initiated and conducted any required reinvestigation(s) pursuant to the FCRA. As such, any damages Plaintiff may have sustained were not caused by Trans Union.

**Synchrony Bank:**  Synchrony Bank's ("Synchrony") investigation into the underlying facts of this matter are not yet complete, so it is not in a position to specifically address the Plaintiff's allegations.  However, Synchrony denies the allegations generally, denies that it violated the FDCPA, FCRA, FCBA, and Rosenthal Act in any way, denies that Plaintiff suffered any damages, and denies that Plaintiff is entitled to any relief whatsoever from Synchrony.

**Resurgent Capital Services, LP ("Resurgent"); LVNV Funding, LLC ("LVNV"); Law Offices of Harris & Zide, Flint C. Zide, and Sarkis S. Karayan ("Zide Defendants"):** The allegations and legal claims against Resurgent, LVNV, and the Zide Defendants are unclear and ambiguous.  As a result, Plaintiff's allegations cannot be specifically addressed.  Generally, however, Resurgent, LVNV, and the Zide Defendants deny violating any laws and deny that Plaintiff suffered any damages from their purported conduct.  LVNV is a debt buyer which owns the account at issue.  Resurgent is the servicer of LVNV's accounts.  Zide Defendants were retained to pursue the debt owed.  Plaintiff's allegations do not support any statutory violations or any legal claims against Resurgent, LVNV, or the Zide Defendants.

**Experian:** Plaintiff's Complaint is vague and ambiguous, and Experian denies Plaintiff's claims to the extent it can understand them.  Experian is a "consumer reporting agency" as that term is defined by the FCRA. At all times relevant to this case, Experian maintained and followed reasonable procedures to assure maximum possible accuracy with respect to the information contained in Plaintiff's credit file and complied with the requirements of the FCRA with respect to Plaintiff.  Experian properly conducted any required reinvestigation(s) pursuant to the FCRA.

Accordingly, Experian has no liability in this case under the FCRA, or any other law, and denies all liability to Plaintiff for any alleged damages.

### 3.    Legal Issue

Plaintiff's Complaint alleges violations of the FDCPA, FCRA, FCBA, and the Rosenthal FDCPA. The key legal issues are:

1)  Standard for reasonable investigation under the FCRA

2)  (Plaintiff) demands Defendants to follow strict liability statutes of the FDCPA, FCRA, FCBA, and Rosenthal Act.

**Synchrony:**  Synchrony has identified the following legal issues: Whether Plaintiff has or can satisfy every element of each of his causes of action and whether Plaintiff has any cognizable damages.

**Resurgent, LVNV and Zide Defendants**:  At this stage, the general legal issue is whether Plaintiff can establish each element of the claims asserted and whether Plaintiff as suffered any damages resulting therefrom.

### 4.    Motions

Defendants Law Offices of Patenaude & Felix, A.P.C. and Michael R. Boulanger have filed a 12(b)6, to be heard November 22, 2022.

No other motions are currently pending before this Court.

**Synchrony:**  To the extent it is appropriate, Synchrony may file a dispositive motion.

**Resurgent, LVNV and Zide Defendants**:  A dispositive motion is likely.

**Experian:** Experian anticipates filing a dispositive motion, as well as discovery motions and other pre-trial motions, where appropriate.  Experian reserves its respective right to the filing of any future motions in this case, such as a motion for summary judgment or summary adjudication, if warranted by the results of its investigation and discovery, that may be dispositive or partially dispositive of this matter.

**5.    Amendment of Pleadings**

The parties do not anticipate any amendment to the pleadings at this time.

(PLAINTIFF CUPP) may amend the pleadings to add a count(s) for UDAP.

**Synchrony:**  Synchrony does not anticipate further amending its pleadings, but reserves the right to request to do so if so warranted.   As indicated in Section 17 below, the Parties propose December 28, 2022, as the deadline for amending the pleadings.

**Resurgent, LVNV and Zide Defendants**:  No amendment to the pleadings is anticipated by Resurgent, LVNV, and Zide Defendants.  However, these defendants reserve the right to request amendment if warranted before the ordered deadline.

**Experian:** Experian does not anticipate amending its pleadings, but reserves the right to do so if so warranted by the results of its investigation.

**6.    Evidence Preservation**

Plaintiff has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and is taking reasonable and proportionate steps to preserve any relevant evidence. Plaintiff has already submitted to Defendants an E Discovery Letter.

**Synchrony:**  By signature of its respective counsel below, the Synchrony hereby certifies that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**Resurgent, LVNV and Zide Defendants**:  These defendants have taken necessary steps to preserve evidence related to this action.  These defendants, through counsel, certify they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**Experian:** Experian, through counsel, certifies that it has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information, and confirms that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

7. **Disclosures**

The parties will exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure, Rule 26(a) on or before November 21, 2022.

8. **Discovery**

The parties have not propounded written discovery requests nor noticed any deposition. A proposed discovery plan pursuant to Federal Rules of Civil Procedure, Rule 26(f) is as follows:

**Initial Disclosures**: The parties will exchange Initial Disclosures pursuant to Federal Rule of Civil Procedure, Rule 26(a) on or before November 21, 2022.

**Timing and Subjects of Discovery**: The parties agree it is unnecessary to conduct discovery in phases or be limited or focused on particular issues. The parties believe that a facts discovery completion deadline of July 14, 2023 is appropriate. The parties anticipate propounding discovery requests for production of documents, requests for admission, and interrogatories, as well as taking depositions as necessary. The parties agree to abide by the limitations on discovery as set forth in the Federal Rules of Civil Procedure.

**Claims of Privilege or Protection**: Defendants anticipate the potential production of confidential, trade secret, and/or commercially protected information during the pendency of this action. The parties will submit a proposed stipulated protective order to the Court. Should there be any privileged items, Plaintiff will require a written list and a Privilege Log be supplied to Plaintiff by Defendant.

(Plaintiff CUPP) will request a protective order sooner than later to speed up any discovery issues.

**Limitations on Discovery**: The parties so not propose any changes to the limitations on

discovery imposed by the Federal Rules of Civil Procedure and Local Rules of this Court.

**Other Orders**: None at this time.

### 9.    Class Action

This is not a class action.

### 10.    Related Cases

There are no related cases.

### 11.    Relief

Plaintiff's Complaint seeks statutory and punitive and attorney's fees and, costs. Defendant denies that Plaintiff is entitled to any of the relief sought.

### 12.    Settlement and ADR

The parties agree to complete ADR via mediation before the Court's mediation panel and request a mediation completion date of February 15, 2023.

### 13.    Consent to Magistrate Judge For All Purposes

The parties did not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

### 14.    Other References

The parties do not believe that reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation is necessary or appropriate.

### 15.    Narrowing of Issues

The parties have been unable to narrow any issues at this time but will continue to work together to attempt to narrow or eliminate issues in the case.

### 16.    Expedited Trial Procedure

The parties agree that this is not the type of case that should be handled under the Expedited Trial Procedure of General Order No. 64.

### 17.    Scheduling

A Case Management Conference is currently scheduled for November 21, 2022. The parties propose the following timetable:

| | |
|---|---|
| **Trial**: | April 8, 2024 |
| **Final Pretrial Conference**: | March 22, 2024 |
| **Last Day to Amend Pleadings**: | December 28, 2022 |
| **Initial Disclosures Due**: | November 21, 2022 |
| **Discovery Cut-Off**: | July 14, 2023 |
| **Opening Expert Witness Disclosure**: | July 28, 2023 |
| **Rebuttal Expert Witness Disclosure**: | August 18, 2023 |
| **Expert Discovery Cut-Off**: | September 15, 2023 |
| **L/D to file dispositive motions**: | October 31, 2023 |
| **Opposition to MSJ**: | November 21, 2023 |
| **Reply to MSJ**: | December 12, 2023 |
| **Hearing on Dispositive motions**: | January 9, 2024 |

**18.    Trial**

Plaintiff and Defendants have requested a jury trial.  They provide a time estimate of 4 to 5 days.

**19.    Disclosure of Non-party Interested Entities or Persons**

Plaintiffs' Disclosures:
Not knowing at this time.

Defendants' Disclosures:

Trans Union:  None.

**Synchrony:  None**

**Resurgent, LVNV, Zide Defendants: None**

**Experian:** Experian has filed a Certification of Interested Entities or Persons.  Pursuant to the Court's Standing Order, Experian hereby restates the contents of that certification.  The following listed parties have a direct, pecuniary interest in the outcome of this case:

- Parent Companies:  The ultimate parent company of Experian is Experian plc.
- Subsidiaries Not Wholly Owned:  The following companies are the US-based subsidiaries of Experian plc that are not wholly owned and are not publicly traded:
    - Central Source LLC

1

      o   Online Data Exchange LLC

2

      o   New Management Services LLC

3

      o   VantageScore Solutions LLC

4

      o   Opt-Out Services LLC

5

    •  Publicly Held Companies:  Experian plc indirectly owns 100 percent of Experian.

6

      Experian plc is registered as a public company in Jersey, Channel Islands, and is

7

      publicly traded on the London Stock Exchange.

8

9

10

11

**Other Matters**

12

    Counsel for Experian has reviewed the Guidelines for Professional Conduct for the

13

Northern District of California.

14

 Dated: October 20, 2022

15

16

                        By  /S/ Ronald Cupp

17

                        RONALD CUPP
                        Pro Se Plaintiff

18

19

Dated: October 27, 2022

20

                        */s/ Jason S. Roberts*

21

                        Jason S. Roberts (SBN: 221978)
                        Schuckit & Associates, P.C.

22

                        4545 Northwestern Drive
                        Zionsville, IN 46077

23

                        Tel: (317) 363-2400

24

                        Fax: (317) 363-2257
                        Email: jroberts@schuckitlaw.com

25

                        *Attorneys for Defendant*
                        *Trans Union LLC*

26

27

28

Dated: October 27, 2022

/s/ Steven Warner .
Steven P. Warner (SBN: 159404)
Email:  swarner@reedsmith.com
Reed Smith LLP
355 South Grand Avenue
Suite 2900
Los Angeles, CA  90071-1514
Telephone: +1 213 457 8000
Attorneys for Defendant
Synchrony Bank

Dated: October 27, 2022

/s/ B. Ben Mohandesi
B. Ben Mohandesi
bmohandesi@yumollp.com
YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071
213-377-5505
Attorneys for Defendants Resurgent Capital
Services, LP; LVNV Funding, LLC;
Law Offices of Harris & Zide;
Flint C. Zide; and Sarkis S. Karayan

Dated: October 27, 2022

By: /s/ Katie Gonzalez
Katie Gonzalez (SBN 329085)
JONES DAY
1755 Embarcadero Road
Palo Alto, California 94303
Telephone:    +1.650.739.3972
Facsimile:    +1.650.739.3900

Attorneys for Defendant
Experian Information Solutions, Inc.