United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RONALD CUPP**, <br><br>                Plaintiff, <br><br>       v. <br><br> **FLINT C. ZIDE, ET AL.**, <br><br>                Defendants. | Case No.  22-cv-04689-YGR <br><br> **ORDER GRANTING MOTION TO DISMISS** <br> Re: Dkt. No. 25 |

Now before the Court is defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger's Motion to Dismiss Counts I and III-VI of plaintiff Ronald Cupp's complaint for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6).  (*See* Dkt. No. 25, Defendants' Motion, ("Mtn.").)  Defendants argue that Counts I, II, and IV-VI are time-barred against them.  Plaintiff Ronald Cupp contests this assertion only with respect to Counts I, II, and V.  (*See* Dkt. No. 35-1, Plaintiff's Opposition, ("Oppo.") at 2.)  Plaintiff therefore concedes that Counts IV and VI are time-barred.

For the reasons set forth below, the Court finds that Counts I, II, and V are also time-barred against defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger.  The Motion to Dismiss is therefore **GRANTED**.

**I.     BACKGROUND**

This dispute arises from a debt that Cupp allegedly owes to defendant Synchrony Bank. Plaintiff asserts this action against twelve defendants.  However, the extent of the moving defendants' involvement in this dispute, according to Cupp, are communications dating from February and March 2017.  (*See* Dkt. No. 1, Complaint, "Compl.", ¶¶ 32-34.)  More precisely, the complaint alleges:

Plaintiff received a collection letter from the moving defendants on February 21, 2017.

1  (*See id*. ¶ 32.)  He disputed the debt in question on March 2, 2017.  (*Id.* ¶ 33.)  The moving

2  defendants responded with a communication alleging that they validated the debt.  (*Id.* ¶ 35.)

3        The complaint contains similar allegations against other defendants but no others

4  concerning the defendants bringing this motion.  Specifically, Cupp alleges that he received a

5  notice from defendant Synchrony Bank that they had sold the debt to defendant Resurgent Capital

6  Services, LP.  (*See id.* ¶ 35.)  Cupp continued to dispute the debt against any party that sought to

7  collect it (*see id.* ¶¶ 36-39) until defendants Flint C. Zide, Sarkis S. Karayan, and Law Offices of

8  Harris and Zide filed suit in Sonoma County Superior Court (*see id.* ¶ 40).  Plaintiff alleges that

9  that suit was dismissed on May 11, 2022.  (*See id.* ¶ 43.)  Plaintiff's remaining allegations are

10 against credit reporting agency defendants Experian, Equifax, and TransUnion for allegedly

11 failing to accurately report the disputed debt in his credit report.  (*See id.* ¶¶ 45-48.)[1]

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss an action for failure to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  In ruling on a Rule 12(b)(6) motion, the Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  Nonetheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  In other words, for purposes of this motion, the Court asks whether, if all of the plaintiff's allegations are true, it is plausible that the defendants are liable for the claims brought by the plaintiff.

---

[1] Defendants Equifax and TransUnion have each tentatively agreed to settle this matter with plaintiff.  (*See* Dkt. Nos. 36, 40.)

United States District Court
Northern District of California

### III. DISCUSSION

Moving defendants challenge the counts for Fair Debt Collection Practices Act ("FDCPA") (Counts I and II), the Fair Credit Billing Act ("FCBA") (Count IV), and the California Rosenthal Fair Debt Collection Practices Act ("CAFCPA") (Count V). (*See* Dkt. No. 37, Defendants' Reply, ("Reply") at 3-5.) Each of these statutes is limited by a one-year statute of limitations. *See* 15 U.S.C.S. § 1692k(d) (requiring FDCPA claims to be brought within one year of the alleged violation); Cal. Civ. Code § 1788.30 (providing a one-year limitation for CAFCPA claims); 15 U.S.C. § 1640(e) (limiting FCBA claims to those brought within one year of the due date of the first payment).

Plaintiff argues that his claims are not time-barred because debt collection "is active as long as the collection continues[.]" (Oppo. at 2.) While a continuing violation theory exists, it does not apply here because the moving defendants have had no debt-collection contact with Cupp since 2017. Any debt collection efforts by other parties "are discrete and attenuated acts that do not justify lifting the protective cover of the statute of limitations[.]" *Phillips v. Archstone Simi Valley LLC*, No. CV15-5559-DMGPLAX, 2016 WL 7444550, at *3 (C.D. Cal. Dec. 15, 2016), *aff'd*, 740 F. App'x 603 (9th Cir. 2018) (internal citation omitted). Said differently, plaintiff does not allege that he has had any contact with the moving defendants regarding collection of the debt at issue since 2017. Thus, the alleged conduct is years beyond the one-year statute. Cupp has pled no plausible set of facts under which the moving defendants could be liable for the claims they seek to dismiss. Therefore, these claims are time-barred against the moving defendants.

Moving defendants also challenge the count for Intentional Infliction of Emotional Distress ("IIED") (Count VI). (*See* Mtn. at 6-7.) With respect to Count VI, that claim must be brought within the two-year statute of limitations. (*See* Cal. Code Civ. Proc. § 335.1). For the same reasons as those set forth above, Cupp is barred from bringing a claim for IIED against the moving defendants.

### IV. CONCLUSION

For the reasons discussed above, Counts I, II and IV-VI are **DISMISSED** without prejudice against defendants Patenaude & Felix, A.P.C. and Michael R. Boulanger. The Court is skeptical

3

that the deficiencies in plaintiff's complaint can be cured, but out of an abundance of caution, the Court **GRANTS** plaintiff 30 days to file an amended complaint.

The Court advises Cupp that assistance is available through the Legal Help Center. Parties can make an appointment to speak with an attorney who can provide basic legal information and assistance. The Help Center does not see people on a "drop-in" basis and will be unable to represent parties in their cases. There is no charge for this service. To make an appointment with the Legal Help Center, you may: (1) sign up in person on the appointment book outside the Legal Help Center offices at the San Francisco Courthouse (15th Floor, Room 2796) or Oakland Courthouse (Room 470S); (2) call 415-782-8982; or (3) email [federalprobonoproject@sfbar.org](mailto:federalprobonoproject@sfbar.org). The Help Center's website is available at *[https://cand.uscourts.gov/legal-help](https://cand.uscourts.gov/legal-help)*.

The Court also advises Cupp that the District Court has produced a guide for self-represented/*pro se* litigants called *Representing Yourself in Federal Court: A Handbook for Pro Se Litigants*, which provides instructions on how to proceed at every stage of a case, including discovery, motions, and trial. It is available electronically online (*[http://cand.uscourts.gov/prosehandbook](http://cand.uscourts.gov/prosehandbook)*) or in hard copy, free of charge, from the Clerk's Office.

This terminates Dkt. No. 25.

**IT IS SO ORDERED.**

Dated: November 18, 2022

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT JUDGE**