**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
**Lisa M. Lawrence** (SBN 240375)
213-377-5504 | llawrence@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendants
LVNV Funding, LLC and
Resurgent Capital Services, L.P.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD CUPP.<br><br>                Plaintiff,<br><br>v.<br><br>FLINT C. ZIDE; LAW OFFICES HARRIS AND ZIDE; ROBERT HARRIS; SARKIS S. KARAYAN; L VNV FUNDING, LLC.; SYNCHRONY BANK; LAW OFFICES PANTENAUDE & FELIX A.P.C.; MICHAEL R. BOULANGER; RESURGENT CAPITAL SERVICES, LP; EXPERIAN; TRANSUNION; EQUAFAX, AND DOES 1-10, inclusive,<br><br>                Defendants. | Case No.: 4:22-cv-04689-YGR<br><br>**DEFENDANTS LVNV FUNDING, LLC AND RESURGENT CAPITAL SERVICES, L.P.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:    April 25, 2023<br>Time:   2:00 p.m.<br>Crtrm.:  1 |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on April 25, 2023 at 2:00 p.m., or as soon as may be heard thereafter, in Courtroom 1 of the Oakland Federal District Courthouse, 1301 Clay Street, Courtroom 1, Fourth Floor, the Honorable Yvonne Gonzalez Rogers presiding, Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent" and together with LVNV, "Defendants") will, and hereby do, move for an order dismissing Plaintiff Ronald Cupp's ("Plaintiff") Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

As a preliminary matter, all of Plaintiff's claims against Resurgent fail because the Complaint alleges no wrongdoing on Resurgent's part. Additionally, Plaintiff's claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, § 1788, *et seq.* ("RFDCPA") fail because they are time-barred and based on alleged acts that do not constitute material violations of these statutes as a matter of law

Similarly, Plaintiff's claim for violation of the Fair Credit Billing Practices Act, 15 U.S.C. § 1666 ("FCBA") fails because it applies only to "creditors," not debt buyers like Defendants, and Plaintiff has alleged no conduct by Defendants that could possibly have violated the statute. And finally, Plaintiff has failed to allege any extreme and outrageous behavior by Defendants, as required to state a claim for international infliction of emotional distress.[1]

///
///
///

---

[1] Although Plaintiff's Complaint also includes a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"), he has asserted this claim only against Defendants Synchrony Bank (his original creditor), Experian, TransUnion and Equifax.

— 3 —

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the pleadings and records on file in this action, and on any other argument or evidence that may be presented in support of this Motion.

DATED: March 21, 2023

YU | MOHANDESI LLP

By  /s/ B. Ben Mohandesi
B. Ben Mohandesi
Lisa M. Lawrence
Attorneys for Defendants
LVNV Funding, LLC and
Resurgent Capital Services, L.P.

# TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 1

II. PLANTIFF'S ALLEGATIONS AGAINST RESURGENT AND LVNV ........ 2

III. LEGAL STANDARD ....................................................................................... 3

IV. LEGAL ARGUMENT ...................................................................................... 4

   A. Plaintiff's Complaint Fails as to Resurgent Because It Contains No Allegations of Any Wrongdoing by This Defendant ........................................ 4

V. PLAINTIFF'S FDCPA AND RFDCPA CLAIMS AGAINST DEFENDANTS FAIL BECAUSE THEY ARE TIME-BARRED ..................................................... 5

   A. Plaintiff's FDCPA Claims against Defendants Further Fail Because Maintaining and Subsequently Dismissing a Collection Lawsuit Does Not Violate the FDCPA as a Matter of Law ................................................................ 6

   B. Plaintiff's FDCPA Claims against Defendants Also Fail Because the Collection Lawsuit Does Not Constitute a Material Violation of the Statute ................................................................................................................. 7

   C. To the Extent Plaintiff Attempts to Base His FDCPA Claim on Credit Reporting, It Also Fails As a Matter of Law ....................................................... 8

   D. Plaintiff's RFDCPA Claim Fails to the Same Extent as His FDCPA Claims ................................................................................................................. 9

   E. Plaintiff's FCBA Claim Fails Because It Applies Only to Creditors, Not Debt Buyers, and There Are No Factual Allegations Supporting It ............. 9

   F. Plaintiff's Intentional infliction Claim Fails Because He Has Alleged No Extreme and Outrageous Conduct by Defendants ................................... 10

   G. The Court Should Grant This Motion without Leave to Amend ........... 11

VI. CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

<u>Cases</u>

*Afeweriki v. Anya Law Group*, 868 F.3d 771 (9th Cir. 2017) ......................................... 9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................................ 1, 3

*Barren v. Dzurenda*, 2021 WL 4978652 (D. Nev. Oct. 25, 2021) ................................... 4

*Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383 (D. Del.1991) .................................. 6

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) ...................................................... 3, 5

*Bleich v. Revenue Maximization Grp,. Inc.*, 233 F. Supp. 2d 496 (E.D.N.Y. 2002) ...... 7

*Bowden v. Spiegel*, 96 Cal. App. 2d 793 (1950) .............................................................. 10

*Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002 (9th Cir. 2011) ................ 11

*Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047 (9th Cir. 2011) ............................................................................................................................... 3

*Castellanos v. JPMorgan Chase & Co.*, 2009 WL 1833981 (S.D. Cal. June 23, 2009) 9

*Chavez v. United States*, 683 F.3d 1102 (9th Cir. 2012) ................................................. 3

*Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162 (9th Cir. 2006) ............. 7

*Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148 (1987) ..................................... 10

*Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069 (E.D. Cal. 2007) ................... 11

*Deutsch v. Turner Corp.*, 324 F.3d 692 (9th Cir. 2003) .................................................. 12

*Donohue v. Quick Collect, Inc.*, 592 F.3d 1027 (9th Cir. 2010) ..................................... 7

*Drake v. Enhanced Recovery Co.*, 2018 WL 1402586 (D. Or. Mar. 19, 2018) ............. 8

*Eunice v. United States*, 2013 WL 756168 (S.D. Cal. February 26, 2013) .................... 4

*Girard v. Ball*, 125 Cal. App. 3d 772 (1981) ................................................................... 11

*Harvey v. Great Seneca Fin. Corp.,* 453 F.3d 324 (6th Cir. 2006) ................................. 6

*Heintz v. Jenkins*, 514 U.S. 291 (1995) ............................................................................ 6

*Horvath v. Premium Collection Servs., Inc.*, 2010 WL 1945717 (D. Ariz. May 13, 2010) ............................................................................................................................... 8

*In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049 (9th Cir. 2008) ......................................... 3

YU | MOHANDESI LLP
633 W. Fifth Street, Suite 2800
Los Angeles, CA 90071

*Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2010 WL 431484 (N.D. Ill. Jan. 29, 2010) .......................................................................................................... 6

*Maclean v. Collection Bureau of Am., Ltd.*, 2020 WL 7318121 (S.D. Cal. Dec. 11, 2020) ............................................................................................................... 9

*McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1 (D. Mass. 2012) ............................................................................................................... 6

*McHenry v. Renne*, 84 F.3d 1172 (9th Cir. 1995) ........................................................... 4

*Naas v. Stolman,* 130 F.3d 892 (9th Cir. 1997) .......................................................... 6, 12

*Riggs v. Prober & Raphael*, 681 F.3d 1097 (9th Cir. 2012) ........................................... 9

*Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736 (2002) ........................... 11

*Sanchez v. Green Messengers, Inc.*, 2021 WL 5012150 (N.D. Cal. October 28, 2021) 4

*Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) ................................................................. 4

*Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366 (N.D. Ga. 2012) ............... 10

*Titus v. CACV of Colorado LLC*, 2006 WL 8455551 (S.D. Cal. Aug. 18, 2006) ........ 11

*Torrie v. Goodman L. Offs. PC*, 2014 WL 5594452 (D. Ariz. Nov. 4, 2014) ............... 6

*Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109 (9th Cir. 2014) ......................... 8

*Wells v. Cnty. of Stanislaus*, 2021 WL 4443312 (E.D. Cal. Sept. 28, 2021) ................. 4

*Whiteman v. Burton Neil & Assocs., P.C.*, 2008 WL 4372842 (M.D. Pa. Sept. 19, 2008) ............................................................................................................... 9

*Williams v. Nichols Demos, Inc.*, 2018 WL 11236757 (N.D. Cal. June 20, 2018) ........ 4

*Yu v. Signet Bank/Virginia*, 69 Cal.App.4th 1377 (Cal. Ct. App. 1999) ...................... 11

## STATUTES

15 U.S.C. § 1602(f) .................................................................................................................. 10

15 U.S.C. § 1666(b) .................................................................................................................... 9

15 U.S.C. § 1692k(d) .................................................................................................................. 5

Cal. Civ. Code § 1788.17 ............................................................................................................ 9

Cal. Civ. Code § 1788.30(f) ........................................................................................................ 5

Fed. R. Civ. P. 12(c) ................................................................................................................... 3

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Ronald Cupp ("Plaintiff") has brought four claims against Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, L.P. ("Resurgent" and together with LVNV, "Defendants") for (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") – Counts I and II, (2) violation of the Rosenthal Fair Debt Collection Practices Act, § 1788, *et seq.* ("RFDCPA") – Count IV, (3) violation of the Fair Credit Billing Practices Act, 15 U.S.C. § 1666 ("FCBA") – Count V, and (4) intentional infliction of emotional distress – Count VI. All of these claims are based on LVNV's filing and subsequent dismissal of a collection lawsuit against Plaintiff.

As a preliminary matter, Plaintiff's Complaint is devoid of any factual allegations against Resurgent, aside from his assertion that Resurgent owns the debt at issue. Where, as here, there are no allegations of wrongdoing by a particular defendant, the complaint fails as a matter of law as to that defendant. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, Plaintiff's Complaint should be dismissed as to Resurgent on this basis alone.

In addition to containing no allegations of wrongdoing by Resurgent, all of Plaintiff's claims fail substantively as to both Defendants. Plaintiff's claims for violation of the FDCPA and RFDCPA fail first because they are time-barred and second because they are based on alleged acts (filing and dismissing a collection lawsuit) that do not constitute material violations as a matter of law. Moreover, Plaintiff was not misled in any way by the collection action; to the contrary, he opposed it, and LVNV dismissed it before trial.

Similarly, Plaintiff's claim for violation of the FCBA fails because it applies only to "creditors," not debt buyers like Defendants, and Plaintiff has alleged no conduct by Defendants that could possibly have violated the statute. And finally, Plaintiff has failed to allege any extreme and outrageous behavior by Defendants as

required to state a claim for intentional infliction of emotional distress. Filing a collection action is insufficient as a matter of law to support an intentional infliction claim.

Accordingly, Defendants respectfully request that the Court dismiss Plaintiff's entire Complaint against them without leave to amend.

## II. PLANTIFF'S ALLEGATIONS AGAINST RESURGENT AND LVNV

Plaintiff's rambling 22-page Complaint includes 118 Paragraphs and 6 Counts against 11 separate defendants. However, Plaintiff's factual allegations against Resurgent and LVNV are sparse and conclusory. Plaintiff mentions Resurgent only twice in the entire Complaint: once alleging Resurgent's corporate information (Cmplt., ¶ 10) and then alleging that Synchrony Bank listed Resurgent as the buyer of his credit card debt (*Id.*, ¶ 35).

As to LVNV, Plaintiff's only substantive allegations focus on a lawsuit filed by Defendants Flint C. Zide, Robert Harris and The Law Offices of Harris and Zide (the "Zide Defendants").[2] Cmplt., ¶¶ 36-43. Specifically, Plaintiff alleges that in October 2019, he received a "letter" from the Zide Defendants "stating they represent LVNV … for collection." *Id.*, ¶ 36. Plaintiff disputed the debt just days later (¶ 37), and in response, the Zide Defendants provided validation in the form of a billing statement (¶ 38). In April 2020, the Zide Defendants informed Plaintiff that they would be filing a collection action against him (¶ 39), and on May 22, 2020, they filed it (¶ 40). Plaintiff defended himself in the action, and filed a trial brief on May 10, 2022. Cmplt., ¶¶ 41-42. On May 11, 2022, the Zide Defendants dismissed the collection action. *Id.*, ¶ 43

This is the sum and substance of Plaintiff's allegations against Resurgent and

---

[2] The Zide Defendants have been dismissed from the action with prejudice pursuant to the parties' stipulation. *See* ECF No. 50.

LVNV. Based on these allegations, Plaintiff brings five "Counts" against them – two Counts for violation of the FDCPA (Counts I and II), and one Count each for violation of the RFDCPA (Count V), violation of the FCBPA (Count IV) and intentional infliction of emotional distress (Count VI). Plaintiff does not assert Count III (violation of the FCRA) against Defendants.

### III. LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The legal standards governing Rule 12(c) and 12(b)(6) motions are "functionally identical," *Cafasso, U.S. ex rel. v. General Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n. 4 (9th Cir. 2011). Thus, the standard articulated in *Twombly* and *Iqbal* applies equally to a motion for judgment on the pleadings. *Chavez v. United States*, 683 F.3d 1102, 1108–09 (9th Cir. 2012).

To survive a motion for judgment on the pleadings, "a complaint must contain sufficient factual matter ... to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Id.*, 556 U.S. at 678. While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Thus, "a formulaic recitation of the elements of a cause of action will not do." *Id*. Moreover, courts may disregard "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Here, given Plaintiff's sparse and conclusory allegations against Defendants, he has failed to state any claim for relief that is plausible on its face.

## IV. LEGAL ARGUMENT

### A. Plaintiff's Complaint Fails as to Resurgent Because It Contains No Allegations of Any Wrongdoing by This Defendant

Under Rule 8 and *Twombly*, a plaintiff must support each claim asserted against a particular defendant with factual allegations as to that specific defendant. *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). "When claims are alleged against multiple defendants, the complaint should clearly indicate which claims apply to which defendant." *Barren v. Dzurenda*, 2021 WL 4978652, at *2 (D. Nev. Oct. 25, 2021) (*citing McHenry v. Renne*, 84 F.3d 1172, 1179-80 (9th Cir. 1995)).

Courts in this district and throughout the Ninth Circuit regularly dismiss claims asserted against defendants that are unsupported by factual allegations directed at those specific defendants. *See, e.g., Williams v. Nichols Demos, Inc.*, 2018 WL 11236757, at *3 (N.D. Cal. June 20, 2018) (dismissing complaint wherein plaintiff asserted defendants were joint employers and alleged "Defendants" engaged in acts but failed to "identify the particular party alleged to have so acted"); *Sanchez v. Green Messengers, Inc.*, 2021 WL 5012150, at *2 (N.D. Cal. October 28, 2021) (holding Rule 8 "requires a plaintiff to differentiate allegations against multiple defendants"; dismissing complaint as "deficient because it fail[ed] to differentiate between the two [named] Defendants"); *Eunice v. United States*, 2013 WL 756168, at *3 (S.D. Cal. February 26, 2013) ( "[l]umping all 'defendants' together" fails to "put a particular defendant on notice" as to grounds on which claims are based); *Wells v. Cnty. of Stanislaus*, 2021 WL 4443312, at *3 (E.D. Cal. Sept. 28, 2021) (dismissing FAC where it included "over 50 paragraphs of factual allegations that describe a wide variety of conduct by different individuals" and "eight distinct causes of action which are asserted against multiple Defendants collectively and which list only the bare elements of each claim without designating which facts underlie which claim").

Here, Plaintiff's Complaint contains no factual allegations against Resurgent that could possibly support his claims. The only factual allegations against Resurgent in the entirety of Plaintiff's Complaint are (1) the company's corporate information (Cmplt., ¶ 10) and (2) its alleged purchase of Plaintiff's debt (*Id.*, ¶ 35). Moreover, the specific claims Plaintiff asserts consist of nothing more than legal conclusions. For example, Plaintiff alleges in Count I that "Defendants violated 15 U.S.C. § 1692e(2) The false representation of - (A) the character, amount, or legal status of any debt." Cmplt, ¶ 58. This formulaic recitation of legal conclusions does not meet the pleading standard set forth in *Iqbal* and *Twombly*, as it fails to raise a right to relief above the speculative level. *Twombly,* 550 U.S. at 555.

Thus, the Complaint is insufficient as a matter of law to state any claim against Resurgent, and the Court should dismiss the Complaint as to Resurgent on this basis alone.

### V. Plaintiff's FDCPA and RFDCPA Claims against Defendants Fail Because They Are Time-Barred

The statute of limitations on both FDCPA and RFDCPA claims is one year. *See* 15 U.S.C. § 1692k(d) (FDCPA claims must be brought "within one year from the date on which the violation occurs"); Cal. Civ. Code § 1788.30(f) (RFDCPA claims must be brought "within one year from the date of the occurrence of the violation"). Here, Plaintiff filed his Complaint on August 15, 2022. Thus, any allegations of conduct predating August 15, 2021 are time-barred.

The only specific factual allegation against Defendants that would appear to fall within this actionable one-year period is that LVNV maintained a collection lawsuit against Plaintiff, which he opposed, and that LVNV voluntarily dismissed the lawsuit on May 11, 2022. However, Plaintiff admits that LVNV filed the lawsuit on May 22, 2020. Cmplt., ¶ 40. Because Plaintiff did not file his Complaint within one year of the commencement of LVNV's collection lawsuit, all allegations related to the lawsuit – including its dismissal – are time-barred. *See Naas v. Stolman,* 130 F.3d 892, 893

(9th Cir. 1997) (statute of limitations on FDCPA claim "began to run on the filing of the complaint in the [collections action]"); *Judy v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 2010 WL 431484, at *4 (N.D. Ill. Jan. 29, 2010) (dismissing FDCPA claim based on collection action filed more than one year from the initial filing of the collection action);

Accordingly, Plaintiff's FDCPA and RFDCPA claims against Defendants should be dismissed with prejudice on this basis alone.[3]

**A.  Plaintiff's FDCPA Claims against Defendants Further Fail Because Maintaining and Subsequently Dismissing a Collection Lawsuit Does Not Violate the FDCPA as a Matter of Law**

The Supreme Court has observed, "we do not see how the fact that a lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an 'action that cannot legally be taken' [under the FDCPA]." *Heintz v. Jenkins*, 514 U.S. 291, 296 (1995).  "Furthermore, a complaint violates the FDCPA only when the complaint is frivolous." *Torrie v. Goodman L. Offs. PC*, 2014 WL 5594452, at *4 (D. Ariz. Nov. 4, 2014) (filing a second lawsuit regarding the same debt was not frivolous and did not support an FDCPA claim).  *See also Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006) (affirming that "filing of a lawsuit without the immediate means of proving the debt owed did not constitute" an FDCPA violation); *McDermott v. Marcus, Errico, Emmer & Brooks, P.C.*, 911 F. Supp. 2d 1, 80 (D. Mass. 2012) (finding that repetitive lawsuits did not violate the FDCPA where they were not "frivolous" and did not misrepresent the debt); *Beattie v. D.M. Collections, Inc.*, 754 F.Supp. 383, 393 (D. Del.1991) (holding that threatening a lawsuit violates the FDCPA only when the suit is "unwinnable by reason of a legal bar such as the statute of limitations").

---

[3] The Court previously dismissed several other defendants from his action on statute of limitations grounds. *See* ECF No. 41.

Here, the mere fact that LVNV filed a collection lawsuit against Plaintiff is not an "action that cannot legally be taken under the FDCPA."  Plaintiff does not allege that the lawsuit was time-barred or otherwise "unwinnable" at the time it was filed.  To the contrary, Plaintiff admits that the Zide Defendants responded to his validation request by providing a billing statement for the Synchrony Bank credit card debt at issue in the lawsuit.  Cmplt., ¶ 38.  Moreover, Plaintiff's stated "dispute" of the debt is insufficient to render the lawsuit a violation of the FDCPA.  An "allegation that the debt sought to be collected is not owed, standing alone, cannot form a basis for a 'false and misleading' practices claim under the FDCPA." *Bleich v. Revenue Maximization Grp,. Inc.*, 233 F. Supp. 2d 496, 500 (E.D.N.Y. 2002).

Thus, Plaintiff's FDCPA claim against Defendants should be dismissed with prejudice on this additional basis.

### B. Plaintiff's FDCPA Claims against Defendants Also Fail Because the Collection Lawsuit Does Not Constitute a Material Violation of the Statute

In the Ninth Circuit, a false representation is not actionable under the FDCPA unless it is "material." *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1033 (9th Cir. 2010) ("False but non-material representations are not likely to mislead the least sophisticated consumer and therefore are not actionable under [§ 1692e].").  The FDCPA's goal is to "protect consumers from 'improper conduct' and illegitimate collection practices 'without imposing unnecessary restrictions on ethical debt collectors.'" *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1170 (9th Cir. 2006) (internal citation omitted).  Consequently, courts apply the "least sophisticated debtor" standard to determine if the collector's actions or information provided were misleading or confusing.  *Id.* at 1171.

This standard asks whether the least sophisticated debtor is "able to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process."  *Id.*  While the least sophisticated debtor may be "uninformed, naïve, and gullible," his interpretation of a collection attempt cannot be "bizarre or

unreasonable." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1119 (9th Cir. 2014) (internal citation omitted).

Here, Plaintiff cannot succeed on his FDCPA claim for the further reason that neither he, nor the least sophisticated debtor, could possibly have been misled by LVNV's collection lawsuit. Quite the opposite: Plaintiff admits that he disputed the debt to the Zide Defendants and defended the collection lawsuit. *See* Cmplt., ¶¶ 37, 41. Given these admissions, the collection lawsuit does not, as a matter of law, constitute a material misrepresentation actionable under the FDCPA.

**C.  To the Extent Plaintiff Attempts to Base His FDCPA Claim on Credit Reporting, It Also Fails As a Matter of Law**

Although Plaintiff excludes Defendants from his Count III FCRA claim, he nonetheless purports to premise his Count II FDCPA claim on credit reporting of the debt to the credit bureaus. *See* Cmplt., ¶¶ 63-71. But nowhere in his Complaint does Plaintiff provide any specifics concerning the reporting. Instead, he alleges in conclusory fashion that Synchrony Bank and LVNV "have continually reported incorrect and inconsistent data to include, but not limited to: date account opened, amount owed, amount past due, account status, amount past due, monthly payment, and seven year payment history." Cmplt., ¶ 47.

Such allegedly "inaccurate" credit reporting is not the proper subject of an FDCPA claim. *See Horvath v. Premium Collection Servs., Inc.*, 2010 WL 1945717, at *3 (D. Ariz. May 13, 2010) ("To the extent that the Amended Complaint can be read to imply that PCS's communications with credit reporting agencies were false or inaccurate, this cannot serve as the basis for his claim because the FCRA specifically precludes private parties from bringing claims under § 1681 s–2(a). Mr. Horvath cannot circumvent the FCRA by raising his claim pursuant to the FDCPA."); *Drake v. Enhanced Recovery Co.*, 2018 WL 1402586, at *3 (D. Or. Mar. 19, 2018) (holding that "the reporting of the Account to the CRAs was not in connection to the collection of the Account" and thus could not be the basis for an FDCPA claim because "[t]he

recipient of the alleged 'false, deceptive, or misleading representation' was not the debtor, but rather, the CRAs."). Thus, Plaintiff's FDCPA claim fails on this additional basis.

### D. Plaintiff's RFDCPA Claim Fails to the Same Extent as His FDCPA Claims

As California's version of the FDCPA, the RFDCPA "mimics or incorporates by reference the FDCPA's requirements ... and makes available the FDCPA's remedies for violations." *Riggs v. Prober & Raphael*, 681 F.3d 1097, 1100 (9th Cir. 2012) (*citing* Cal. Civ. Code § 1788.17). "[F]alse statements are also subject to the [FDCPA's] materiality requirement for purposes of the Rosenthal Act claim." *Afeweriki v. Anya Law Group*, 868 F.3d 771, 776 (9th Cir. 2017) (citations omitted). Therefore, whether a debt collector's conduct "violates the [RFDCPA] turns on whether it violates the FDCPA." *Id.* Where, as here, a "Plaintiff's RFDCPA claims are based on the same allegations as his FDCPA claims, … Plaintiff's RFDCPA claims also fail." *Maclean v. Collection Bureau of Am., Ltd.*, 2020 WL 7318121, at *5 (S.D. Cal. Dec. 11, 2020) (granting motion to dismiss RFDCA claims on same basis as FDCPA claims). Accordingly, Plaintiff's RFDCPA claim fails alongside his FDCPA claims.

### E. Plaintiff's FCBA Claim Fails Because It Applies Only to Creditors, Not Debt Buyers, and There Are No Factual Allegations Supporting It

Although Plaintiff purports to assert his claim for violation of the FCBA against "all Defendants" (Cmplt., ¶¶ 93-106), his only factual allegations are against Synchrony Bank, his original creditor. The FCBA "provides the procedure creditors must follow upon written notice by [a consumer] that the [the consumer] believes an account statement contains a billing error." *Castellanos v. JPMorgan Chase & Co.*, 2009 WL 1833981, at *2 (S.D. Cal. June 23, 2009); *see also* 15 U.S.C. § 1666(b). The FCBA applies only to creditors on revolving credit accounts. *See Whiteman v. Burton Neil & Assocs., P.C.*, 2008 WL 4372842, at *4 (M.D. Pa. Sept. 19, 2008) ("A

reading of the FCBA indicates that it applies to creditors. With regard to consumer credit, the term 'creditor' is defined as a person who both 'regularly extends ... consumer credit' and 'is the person to whom the debt arising from the consumer credit transaction is initially payable.' 15 U.S.C. § 1602(f)."); *Stroman v. Bank of America Corp.*, 852 F. Supp. 2d 1366, 1374 (N.D. Ga. 2012) ("The FCBA only applies to 'open end consumer credit plans.'").

Here, because Defendants are not creditors, but instead debt buyers, they cannot be held liable under the FCBA as a matter of law. Moreover, there are no factual allegations against Defendants that could possibly support an FCBA claim against them. Thus, the Court should dismiss Count V as to Defendants without leave to amend.

**F.  Plaintiff's Intentional infliction Claim Fails Because He Has Alleged No Extreme and Outrageous Conduct by Defendants**

The elements of a cause of action for intentional infliction of emotional distress ("IIED") are "(i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress. *Cole v. Fair Oaks Fire Protection Dist.*, 43 Cal.3d 148, 155, fn. 7. (1987). With respect to the "outrageous conduct" element, the Supreme Court has held, "Conduct is extreme and outrageous when it exceeds all bounds [of decency] usually tolerated by a decent society." *Id.* (internal quotation marks omitted). Liability "does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." *Id.*

In collection cases, courts have long recognized that the very nature of collection efforts often cause a debtor to suffer emotional distress. *See Bowden v. Spiegel*, 96 Cal. App. 2d 793, 796 (1950). Thus, simply demanding payment using common debt collection practices is not "extreme and outrageous" conduct as a matter

of law. *See, e.g., Girard v. Ball*, 125 Cal. App. 3d 772, 787 (1981) (mailing two collection letters and making telephone requests for payment "do not even hint at … outrageous conduct"); *Costa v. Nat'l Action Fin. Servs.*, 634 F. Supp. 2d 1069, 1079 (E.D. Cal. 2007) ("rude and impolite" behavior by debt collector in multiple telephone conversations not actionable as IIED); *Ross v. Creel Printing & Publ'g Co.*, 100 Cal. App. 4th 736, 746 (2002) (attorney's breach of Rules of Professional Conduct in collecting debt insufficient to support IIED claim).

Significantly, the California Court of Appeal has ruled that "an assertion of legal rights in pursuit of one's own economic interests does not qualify as outrageous under [the IIED] standard." *Yu v. Signet Bank/Virginia*, 69 Cal.App.4th 1377, 1398 (Cal. Ct. App. 1999) (finding that filing low value collection actions against California debtors in Virginia courts with the intent to secure default judgments was not sufficiently extreme and outrageous). *See also Titus v. CACV of Colorado LLC*, 2006 WL 8455551, at *2–3 (S.D. Cal. Aug. 18, 2006) (holding that "filing a lawsuit after the statute of limitations has run on the underlying action does not satisfy the extreme and outrageous conduct element of an [IIED] claim").

Here, the only collection efforts Plaintiff alleges by LVNV (through the Zide Defendants) are as follows (1) sending three standard collection letters (Cmplt., ¶¶ 36-39and (2) filing a collection lawsuit (Cmplt., ¶¶ 40-43). These acts are common debt collection practices that do not, as a matter of law, rise to the level of outrageous conduct required to support an IIED claim. Accordingly, the Court should dismiss Plaintiff's IIED claim without leave to amend.

### G. The Court Should Grant This Motion without Leave to Amend

While a court should grant leave to amend "when justice so requires," leave is "properly denied … if amendment would be futile." *Carrico v. City and Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011) (citations and internal quotation marks omitted). Amendment is futile when claims are barred by the statute of

limitations. *Deutsch v. Turner Corp.*, 324 F.3d 692, 718 n. 20 (9th Cir. 2003). *See also Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) ("the district court did not abuse its discretion in denying leave to amend, as the Naases' potential amended claim would still be barred by the statute of limitations").

Here, because Plaintiff's claims against Defendants are all barred as a matter of law, amendment would be futile and is properly denied.

## VI.   CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's entire Complaint against them without leave to amend.

DATED:  March 21, 2023

YU | MOHANDESI LLP

By  /s/ B. Ben Mohandesi
    B. Ben Mohandesi
    Lisa M. Lawrence
    Attorneys for Defendants
    LVNV Funding, LLC and
    Resurgent Capital Services, L.P.

# CERTIFICATE OF SERVICE

I certify that on March 21, 2023, a copy of the foregoing was filed and served electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

DATED:  March 21, 2023

YU | MOHANDESI LLP By

*/s/ B. Ben Mohandesi*
B. Ben Mohandesi